RUTH KEEBLER, APPELLEE, v. RICHARD D. HARRIS:
AMERICAN CREDIT CORPORATION, APPELLANT.

FILED FEBRUARY 27, 1931. No. 27581.

*Herbert E. Story* and *J. Ralph Dykes*, for appellant.

*Crossman, Munger & Barton*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action to recover $5,000 in damages for negligence resulting in the collision of a Ford roadster with a Dodge sedan and in personal injuries to plaintiff. The accident occurred about 11 o'clock at night November 7, 1929, at Forty-sixth and Farnam streets, Omaha. Plaintiff was then a passenger in the sedan and defendant Harris was driving the roadster which was owned by his employer, the American Credit Corporation, also a defendant. Plaintiff pleaded facts showing that the proximate cause of the collision and of the resulting injuries to her was the negligence of defendants. The American Credit Corporation admitted the collision occurred at the time and place stated and denied other allegations of the petition. Harris alleged as a defense that the negligence of the driver of the Dodge sedan caused the collision. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff and against both defendants for $1,000. The American Credit Corporation, hereinafter called defendant, alone appealed.

There is no reversible error in the record unless the evidence is insufficient to sustain a finding that Harris was engaged in the duties of his employment when the automobiles collided. Defendant took the position that Harris, at the time of the accident, was using the Ford car in furtherance of his own business or pleasure and that he deviated materially from the route he was required to take in the course of his employment.

The specific error assigned was the failure of the trial court to direct a nonsuit on motion of defendant. The testimony of Harris alone determined the issue. Defendant in the regular course of its business held claims against purchasers of automobiles for deferred payments, including the right of repossession in cases of default. Harris was an employee of defendant with authority to collect delinquent payments and to repossess cars. He worked at night or during the day as duty called, and had been thus engaged about three months. The Ford car had been previously located in Omaha and Harris had been told to repossess it and take it to his employer's storage garage at 610 South Fifteenth street, to which he had a key, but he was not directed to take any particular route in performing his duties. His movements during the evening of November 7, 1929, were as follows: From his home at Fifty-second and Izard streets, he went in his father's car, taking Frederick Aye, a friend, with him, to 915 South Forty-eighth street, where he took possession of the Ford car. He promptly went back home in his father's car while Aye drove the other one. He then took the Ford car and with Aye went to 2019 California street to make a collection; went on to 2412 Decatur street to make another collection; drove to Forty-ninth and Dodge streets where the two men sat in the Ford car and talked for an hour or more; left there about 11 o'clock at night and started to the fraternity house at 118 South Thirty-eighth street, intending to stop, let Aye out, and drive on to the storage garage, but on the way the accident occurred at Forty-sixth and Farnam streets. In addition to the facts outlined, Harris answered "No, sir" to the question: "Did

you transact any business for the American Credit Corporation, or go upon any errand of theirs, between the time you left Twenty-fourth and Decatur streets and the time of this accident?" Relying upon this evidence and upon the fact that Harris had deviated 25 blocks from the direct route between 2412 Decatur street, where he had gone to make a collection, and 610 South Fifteenth street, where he had been directed to store the Ford car, defendant argues that the testimony shows conclusively that Harris was pursuing his own pleasure and not engaged in any duty of his employment at the time of the accident.

There is a fallacy in this argument of defendant. It does not give consideration to testimony of Harris to the effect that he was directed by his employer to repossess this identical car and take it to the storage garage; that he was on the way there at the time of the collision, intending to stop at the fraternity house, let Aye out, drive on to the storage garage and leave the Ford car at the place directed. It was his duty to deliver it there. He kept within the zone of his general duties. If he deviated from the direct route and temporarily abandoned his employment for his own pleasure, the evidence tends to prove that he resumed those duties when he started to the storage garage and that the accident occurred on the way. In this view of his testimony, the record does not disclose any actionable negligence while he was temporarily off duty. From the entire evidence and surrounding circumstances, the jury and the trial judge were at liberty to infer that Harris, if he temporarily abandoned his employer's business for his own purposes, resumed the duties of his employment before he negligently caused the collision and that he was thus engaged at the time. A well-recognized principle of law has been stated as follows:

"Notwithstanding the servant's deviation or departure from his employment for purposes of his own, if at the time of the act complained of the servant had fulfilled his purpose and resumed the prosecution of his master's business, the master will be liable for his act." 39 C. J. 1298, sec. 1495. See, also, *Weber v. Lockman*, 66 Neb. 469.

Defendant cited *Neff v. Brandeis,* 91 Neb. 11, but that case is distinguishable from the case at bar. There the chauffeur in charge of the car on his way back to the garage after a drive was the employee of the garage-keeper who was under contract with the owner of the car to "keep it at a garage, wash it, polish it, keep it ready for running at all times, and furnish a chauffeur" whenever the owner of the car might desire to use it. The chauffeur was in the employ of the garage-keeper. The owner of the car, not the garage-keeper, was the defendant.

Plaintiff herein made a *prima facie* case. The trial court, therefore, did not err in refusing to give a peremptory instruction in favor of defendant. The verdict is assailed as excessive, but it is sustained by sufficient evidence.

AFFIRMED.

GOOD, J., dissents.