BRONISLAWA SIEDLIK, APPELLANT, V. SWIFT & COMPANY, APPELLEE.

FILED DECEMBER 11, 1931. No. 28113.

*Anson H. Bigelow* and *Anthony Zaleski*, for appellant.

*George H. Winn* and *Brown, Fitch & West*, contra.

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

LANDIS, District Judge.

This action arises under the workmen's compensation law. Appellant Bronislawa Siedlik seeks to recover compensation for the death of her husband Stanley Siedlik from his employer Swift & Company, appellee.

The deceased, while working in appellee's cold storage room, piling barrels of meat, and wearing shoes with thick wooden soles, jumped down from a height of about three and one-half feet onto the cement floor. He complained that he had "jumped wrong," rubbed his leg and thereafter limpingly went over to other work where he was not required to lift. He continued his work that day, but when

he got home at night bathed his ankle, which was swollen and slightly red, in hot water, and applied salve and bandages. He applied home remedies for a week; limped for at least two weeks, but continued to work for appellee, losing no time until April 9, 1929.

The date of the accident is fixed by the widow as on a Friday two or three weeks before April 9. The Friday two weeks before would be March 22, and three weeks would be March 15. No report was made of the accident to the appellee, and the exact date on which it occurred is not otherwise definitely fixed in the record.

On April 9, 1929, the deceased had a second accident which happened near the Union Pacific depot, several blocks away from the appellee's plant. He was coming to work around 6:30 a. m., and stepped into a hole near the depot. When he got to the office of appellee his leg pained him; was bloodless and cold. He was immediately removed to the hospital. The deceased was at the hospital in the care of Dr. E. C. Henry from April 9 to the day of his death on June 10, 1929. The cause of his death was septicemia secondary to gangrenous leg, which was caused by obstruction of circulation to the leg below the knee.

Appellant's physicians were of the opinion that the March accident caused a hemorrhage into the muscle, commonly known as Charley horse; that the second accident of April 9 in the same leg was a "relighting up" of the first injury, with the primary cause of the death in the March accident.

Appellee's physicians were of the opinion that the April 9 accident caused a blocking of the circulation in the popliteal artery right back of the knee joint, and that this was the primary cause of the death, and not the March accident from which deceased had apparently recovered.

On April 23 the leg was amputated above the knee; on June 4 again at the hip. The complete hospital and clinical record of the deceased is in evidence. Doctor Henry, after the first amputation, dissected the leg and found a clot on the inside of the popliteal artery at about the knee.

The first question to determine is whether the March or April accident was the primary cause of the death. As provided in section 48-137, Comp. St. 1929, this appeal must be determined *de novo*. Considering the entire record, we find that the April 9, 1929, accident occurring to the deceased before he reported for work, at a place some blocks away from the appellee's plant, was the primary cause of his death; further, that it is improbable that the March, 1929, accident, from which deceased had apparently recovered, was a contributing cause of his death.

Appellant contends that the April 9 accident should be reasonably considered as one in the course of employment and compensable, under the law. By our statute "personal injuries arising out of and in the course of employment" is declared "not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen." Comp. St. 1929, sec. 48-152. The deceased was going to work on April 9, 1929, and the accident occurred before he reported at the place where his services for appellee were to be performed, and some blocks away therefrom. The record does not disclose any circumstances to base a finding that the injury of April 9 occurred other than independent of the relation of master and servant. It is clear that we are confronted here with an injured interest which does not fall within the protection of the workmen's compensation law.

In both *Tragas v. Cudahy Packing Co.*, 110 Neb. 329, and *Speas v. Boone County*, 119 Neb. 58, the facts are dissimilar from the instant case. These cases are not authority for declaring an injury occurring independent of the relation of master and servant as compensable under our statute.

Independent of the findings and judgment entered by the district court, on trial *de novo* here we reach the same conclusions. The judgment of the district court is therefore

AFFIRMED.