EDITH H. KIRKPATRICK, EXECUTRIX, ET AL., APPELLEES, V. CHOCOLATE SALES CORPORATION ET AL., APPELLANTS.

FILED JULY 17, 1934. No. 29122.

*Brown, Fitch & West,* for appellants.

*Morsman & Maxwell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101 to 48-161. Ralph Dane Kirkpatrick was employee. Edith H. Kirkpatrick, executrix of the estate of Ralph Dane Kirkpatrick, deceased, his widow, Edith H. Kirkpatrick, and his daughter, Lida M. Kirkpatrick, are plaintiffs. Chocolate Sales Corporation, employer, and American Mutual Liability Insurance Company, insurance carrier of employer, are defendants. The employee was struck by an automobile December 7, 1932, in Omaha, while crossing Twenty-fourth street at St. Mary's Avenue, and as a result died December 19, 1932. At the time of the accident he was division superintendent of his employer. Duties of his employment required him to travel. About 8 o'clock p. m. December 7, 1932, he left his home in Omaha, went to his office and there performed

services for his employer. His salary at the time was in excess of $500 a month. Plaintiffs allege that while the employee was in the service of his employer, going for a taxicab to take him to a railway station where he intended to board a train for Lincoln, he was struck by an automobile and fatally injured. The items included in the entire claim are: Hospital and medical expenses, $238.10; expenses of burial, $150; weekly compensation, 350 weeks at $15 a week; attorneys' fees $500.

Defendants admitted the employment, injuries and death, but denied that the accident arose out of and in the course of the employment.

The compensation commissioner dismissed the proceeding, and plaintiffs appealed to the district court where their claim was allowed with the exception of attorneys' fees. Defendants appealed to the supreme court.

The question presented by the appeal is whether the accident resulting in the employee's fatal injuries arose out of and in the course of his employment, within the meaning of the workmen's compensation law. The decision depends on the sufficiency of the evidence to prove a case in favor of plaintiffs. Defendants invoke the following provision of the workmen's compensation law:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen." Comp. St. 1929, sec. 48-152.

It is argued that the accident did not arise out of and in the course of the employment and that the allowance of compensation is not sustained by sufficient evidence. Testimony and former cases are discussed by defendants in support of this position. In a recent case it was said:

"Personal injuries arising out of and in the course of

employment as defined by section 48-152, Comp. St. 1929, do not cover workmen, 'except while engaged in, on or about the premises where their duties are being performed, or where, their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen.'" *Perry v. Johnson Fruit Co.,* 123 Neb. 558.

On appeal to the supreme court in a workmen's compensation case a trial *de novo* is required. *Mullen v. City of Hastings,* 125 Neb. 172. The workmen's compensation law is liberally construed to give effect to its purposes. *Montgomery v. Milldale Farm & Live Stock Improvement Co.,* 124 Neb. 347. In *Struve v. City of Fremont,* 125 Neb. 463, the following rule was adopted:

"In compensation cases an injury is received in the course of the servant's employment when the latter is engaged at the work which the master employs him to perform or in some duty incidental thereto. *Speas v. Boone County,* 119 Neb. 58."

"An ultimate fact, fairly and reasonably inferable from facts and circumstances proved, may be taken as established." *Struve v. City of Fremont,* 125 Neb. 463.

The employment, the nature of the employee's duties, the salary, the accident and resulting death are shown without dispute. The employee was not a day laborer with regular hours in an industrial plant. He was a division superintendent; had three detail men under him in the Omaha office; was required to travel; called at all the jobbing places in Nebraska; frequently called on Frank E. Gillen, a candy manufacturer and customer at Lincoln. Shortly before the accident, the employee had returned from a business trip. At his home in Omaha, on the evening of the accident, he said goodbye to his wife and stated he was going to Lincoln. His purpose to do so December 7, 1932, is definitely shown. On that date another employee took him to the Omaha office about 8 o'clock p. m. where he performed duties for his employer. Later, the same evening, he called his wife by telephone

and said: "Well, goodbye, I am going now." Asked: "When will you be back?" he said: "Tomorrow noon." Afterward he was struck by an automobile near a taxicab station. From that place, except for the accident, he had time to take a Burlington train for Lincoln at 10 o'clock p. m. Gillen was a witness at the trial; testified he was a customer upon whom the employee called practically once a week before he was promoted to division superintendent; afterward called quite frequently; called most any time from 8 o'clock in the morning until 5 o'clock p. m.; made special trips to Lincoln to see him; called more frequently in the morning. Evidence of these facts is undisputed. There is nothing in the record to indicate he started to Lincoln for his own pleasure or business. If he started on the business of his employer and was accidentally injured on the way, deviation from the most direct route, if implied from circumstances, would not necessarily defeat a recovery. *Keebler v. Harris,* 120 Neb. 739. It may fairly and reasonably be inferred from competent evidence not contradicted that the employee was injured on his way to Lincoln and that the fatal accident arose out of and in the course of his employment, within the meaning of the workmen's compensation law and the principles stated in the cases to which reference has already been made. The findings on appeal are the same as the findings of the district court.

Rulings in admitting evidence are challenged as erroneous, but they need not be reviewed, because the conclusion reached on the trial *de novo* depends alone on evidence properly admitted.

Plaintiffs did not take a cross-appeal from the disallowance of attorneys' fees in the district court and consequently that ruling is not open for consideration. For services in the supreme court plaintiffs are allowed for attorneys' fees $250.

AFFIRMED.