LORAINE WEIDEMAN, APPELLANT, V. MILBURN & SCOTT COMPANY, APPELLEE.

292 N. W. 594

FILED JUNE 7, 1940. No. 30897.

*Hubka & Hubka*, for appellant.

*Herbert E. Story* and *John H. Roper, Jr., contra*.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is a suit in which Loraine Weideman seeks to recover benefits under the workmen's compensation law for the death of her husband, who at the time of his death was an employee of Milburn & Scott Company. The trial court denied an award and plaintiff appeals.

The record shows that Louis Weideman was, at and prior to his death, employed by Milburn & Scott Company as janitor and caretaker of their building in Beatrice, Nebraska. The deceased lived with his family in an apartment on the third floor of the building. All of his work was in and about the building in which he lived. It appears that deceased had no regular hours, he being subject to call at all hours of the day or night on all days of the week. It was a part of his duties to operate the furnace in the building in order to supply heat for the occupants of the building. The evidence shows that deceased could properly leave the building for short periods of time when the furnace did not require his attention. Plaintiff testifies that it was necessary for the deceased to return to the building to tend the furnace at least once each two hours.

On November 27, 1938, deceased and his family attended church, after which they went to the home of his brother for dinner. At 1 o'clock deceased went back to the building in his automobile to fire the furnace, and returned in about an hour. At 3 o'clock deceased again went back to the building and fired the furnace. On his return to his brother's home he was killed in an automobile accident. At the time of the collision deceased was accompanied by Joan Walker, a niece, who was also killed. The evidence discloses that Joan Walker had not been at the home of the brother, Paul Weideman, earlier in the day. There is no evidence in the record as to when she entered deceased's car. The evidence shows that the Paul Weideman home was about fifteen blocks from the building where the deceased worked.

It is the contention of plaintiff that the trip made to defendant's building was incidental to his employment and that compensation benefits are therefore allowable. The record shows that the work of the deceased was solely in and about the building in which he lived. Clearly, when he went to his brother's home he was on a mission of his own. When he returned to his brother's home, after firing the furnace, he was also engaged in business of his own. After he had fired the furnace and left the building he was no

longer engaged in the master's business. The accident occurring during the return trip had no causal connection with the employment. This view is sustained by the following holdings of this court: *Hammond v. Keim,* 128 Neb. 310, 258 N. W. 478; *McNaught v. Standard Oil Co.,* 128 Neb. 517, 259 N. W. 517; *Sheets v. Glenwood Telephone Co.,* 135 Neb. 56, 280 N. W. 238; *Bell v. Denton,* 136 Neb. 23, 284 N. W. 751.

We are obliged to hold that the accident did not arise out of and in the course of the employment. The trial court therefore properly denied an award.

AFFIRMED.