ROBERT RICHTARIK, APPELLEE, V. JAMES BORS ET AL.,
APPELLANTS.

5 N. W. (2d) 199

FILED AUGUST 14, 1942. No. 31402.

*Baylor, Tou Velle & Healey,* for appellants.

*J. J. Grimm, Claude S. Wilson, Roy F. Gilkeson* and *Hymen Rosenberg, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

CARTER, J.

This is an action under the workmen's compensation laws of Nebraska. The action is by Robert Richtarik, plaintiff and appellee, against James Bors, employer of Richtarik, and Hardware Mutual Casualty Company, insurance carrier for Bors, defendants and appellants.

The action was originally tried by a single judge of the compensation court, who held in favor of defendants. Appeal was taken to the full compensation court, which awarded benefits to the plaintiff. Appeal was taken to the district court, where the action of the compensation court was sustained. From the action of the district court the case has been appealed here.

There is no material dispute, either as to the facts or as to the controlling principles of law. The dispute hinges

rather upon the application of the facts to well-settled interpretations of the workmen's compensation act.

On Sunday, January 26, 1941, and for about four years prior thereto, plaintiff was an employee of the defendant Bors at Wilber, Nebraska, where the said defendant operated a garage and automobile sales agency. Plaintiff was a licensed automobile salesman and in his employment he did about everything connected with the business, including bookkeeping, making sales of cars and parts, and at the time of the accident he had supervision of service. During the times when Bors was out of town he had charge of the garage. Part of his duties was to demonstrate automobiles. His salary was $60 a month.

On January 26, 1941, Bors was away from Wilber, and plaintiff was in charge of the garage. In the forenoon of this day plaintiff went to the garage in the performance of service there, and drove a car to a prospective buyer's home. He then returned to his home. Again in the afternoon he went to the garage to perform service in connection with his employment, and again returned home, where he remained until about 9:00 p. m., when a prospective purchaser returned with a car. He got into the car, drove the customer to the customer's place of business and then drove to the garage, where he left the car, locked the door to the garage and started home on foot. He left by an alleyway, and when he had gone about 44 feet he slipped on icy pavement and fell, fracturing his right arm at the wrist. Plaintiff stated that it had been his intention to stay at his home the rest of the evening, after having returned the car to the garage.

The appellants contend that the district court was in error in holding that the injury sustained by plaintiff was compensable under the workmen's compensation laws. They insist that the following exclusionary provisions of section 48-152, Comp. St. Supp. 1941, preclude a recovery:

"(c) Without otherwise affecting either the meaning or the interpretation of the abridged clause, 'Personal injuries arising out of and in the course of employment,' it is here-

by declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, and not to cover workmen who on their own initiative leave their line of duty or hours of employment for purposes of their own."

This court has held, and it is the general rule, that if an employee is injured while going to or from his work and his home, the injury does not arise out of nor in the course of the employment. *Siedlik v. Swift & Co.*, 122 Neb. 99, 239 N. W. 466; *McDonald v. Richardson County*, 135 Neb. 150, 280 N. W. 456; *Wilbur v. Adams Lumber Co.*, 140 Neb. 48, 299 N. W. 268. Appellee contends, however, that as he had no regular hours and was subject to call at any time, he is brought within a recognized exception to the general rule. With this we cannot agree.

It appears to us that appellee's trip from the garage to his home was no more incidental to the employment than if it had been made at the close of regular hours of work. The injury was not received while appellee was engaged in, on, or about the premises where his duties were to be performed, or where his services required his presence as a part of such service at the time of the injury. The injury was entirely independent of the relation of master and servant. He was upon no mission of the employer. No act of the employer, imputed or otherwise, contributed to the injury. He was no longer performing any service for the employer. The power of direction and control had ceased to exist; the appellee was on his own. It is clear that under the statute, section 48-152, Comp. St. Supp. 1941, the injury is not compensable.

When an employee has finished his work and is on his way home, a mission of his own, and is injured at a place where he is not required to be by his employment, he is not within the provisions of the compensation law. And in this respect it makes no difference whether he works regular hours or is subject to call by the employer.

While the facts in this case vary to some extent from those in cases heretofore decided by this court, we think it is controlled by the principles announced in *De Porte v. State Furniture Co.*, 129 Neb. 282, 261 N. W. 419; *Siedlik v. Swift & Co.*, *supra;* *Pappas v. Yant Construction Co.*, 121 Neb. 766, 238 N. W. 531; *McDonald v. Richardson County*, *supra;* *Wilbur v. Adams Lumber Co.*, *supra.*

The accident did not arise out of or in the course of the employment and, consequently, appellee has no cause of action.

REVERSED AND DISMISSED.

YEAGER, J., dissenting.

For the purpose of this dissent, the statement of the case as set forth in the majority opinion is fully accepted, but I cannot agree with the conclusion reached. It appears to me that under the facts the plaintiff is entitled to be compensated under the workmen's compensation law.

It is the established policy of this court to give a liberal construction to the workmen's compensation law in order that its beneficent purposes may not be thwarted by technical refinement of interpretation. *Maryland Casualty Co. v. Geary*, 123 Neb. 851, 244 N. W. 797; *Wilson v. Brown-McDonald Co.*, 134 Neb. 211, 278 N. W. 254; *Moise v. Fruit Dispatch Co.*, 135 Neb. 684, 283 N. W. 495; *Kral v. Lincoln Steel Works*, 136 Neb. 31, 284 N. W. 761.

This is not a rule of evidence. It does not contain within its context or implications any criteria for the acceptance or rejection of evidence, or the weight to be given to testimony on controverted questions of fact. It applies rather to the proper legal resultant flowing from facts demonstrated by evidence, or presumption acceptable in the place of evidence. It does not relieve against any rule bearing upon proof of an issue of fact. It is a statement of legal principle requiring that the court, on accepted ultimate facts, shall not adopt a technical viewpoint or a technical refinement in application of the workmen's compensation law, the effect of which would defeat a recovery when a liberal but reasonable one would allow recovery.

In the light of the facts and the foregoing rule, we are required to interpret and apply the exclusionary provisions of section 48-152, Comp. St. Supp. 1941.

That the plaintiff, within the meaning of these provisions, was not "engaged in, on or about the premises" where his duties as an employee were performed cannot well be questioned, but whether or not he was where his service required his presence and that the accident occurred during his hours of service is a question not so easy to determine.

If all service and all prospective service for the day contemplated by the character of employment in which he was engaged were ended, and he was off the premises and on his way home, then clearly under the decisions of this court a recovery cannot be sustained. *Pappas v. Yant Construction Co.*, 121 Neb. 766, 238 N. W. 531; *Siedlik v. Swift & Co.*, 122 Neb. 99, 239 N. W. 466; *De Porte v. State Furniture Co.*, 129 Neb. 282, 261 N. W. 419; *Sheets v. Glenwood Telephone Co.*, 135 Neb. 56, 280 N. W. 238; *Weideman v. Milburn & Scott Co.*, 138 Neb. 205, 292 N. W. 594; *Wilbur v. Adams Lumber Co.*, 140 Neb. 48, 299 N. W. 268.

On the other hand, if plaintiff was at the time of the accident, though off the premises of his employer, where his services reasonably required his presence during his hours of service, he is entitled to recover. *Coster v. Thompson Hotel Co.*, 102 Neb. 585, 168 N. W. 191; *City of Fremont v. Lea*, 115 Neb. 565, 213 N. W. 820; *Speas v. Boone County*, 119 Neb. 58, 227 N. W. 87; *Ridenour v. Lewis*, 121 Neb. 823, 238 N. W. 745; *Good v. City of Omaha*, 125 Neb. 307, 250 N. W. 61; *Struve v. City of Fremont*, 125 Neb. 463, 250 N. W. 663; *Kirkpatrick v. Chocolate Sales Corporation*, 127 Neb. 604, 256 N. W. 89; *Miller v. Reisch Co.*, 132 Neb. 338, 271 N. W. 853.

The theory on which plaintiff rests his contention that the accident occurred during his hours of service, and that he was at a place required of him by his service, is that when his employer was away he was in charge of the business and he was subject at any time to respond to calls from his home to the place of business of his employer, and that such

calls required him to go to and fro between the two points.

That he was subject to call at any time finds no substantial denial in the record. In fact, on the Sunday in question the requirements of his position necessitated three appearances at the garage. He infers that he would still have been subject to call had he not sustained the accident and injuries in question, and in the bill of exceptions no evidence appears to refute this inference.

As against this the defendants urge that the testimony of plaintiff, wherein he stated that on his return home after putting away the car and closing the garage he intended to stay at home, places him in the same class as those who have finished the duties of the day and are on their way home.

On the basis of the unrefuted inference that plaintiff was subject to call at any time and in that sense was on duty, which I think, on the record, was a proper one, and in the light of the rule requiring liberal construction of the workmen's compensation law in order that its beneficent purposes may not be thwarted, I am of the opinion that the award and judgment of the district court should be sustained.

EBERLY, J., concurs in the dissent.