LINCOLN TRACTION COMPANY, APPELLEE, V. OTIS L. REASON, APPELLANT.

10 N. W. (2d) 344

FILED JULY 2, 1943. No. 31623.

*Coburn Campbell,* for appellant.

*Lee & Sheldahl, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL, and WENKE, JJ., and TEWELL, District Judge.

SIMMONS, C. J.

In this action Otis L. Reason, hereinafter called the plaintiff, seeks compensation under the workmen's compensation act. Plaintiff prevailed before a judge of the compensation court. The employer, Lincoln Traction Company, hereinafter called the defendant, appealed to the district court where, after trial, compensation was denied. Plaintiff by

his appeal here presents the question as to whether or not his injuries were caused by accident arising out of and in the course of his employment. We affirm the judgment of the trial court.

Plaintiff entered the employment of the defendant in 1921 as an "oil man." His agreed pay was 40 cents an hour and "transportation back and forth to work." This transportation was furnished him by the medium of a book of passes, good day or night, on any line of the defendant, and was not limited to use only to and from his home to his work. Plaintiff had a fixed place of employment and fixed hours, although in emergency he might be called to service out of hours and at places other than where he normally worked.

On February 10, 1939, his usual place of employment was then, and had been for some time past, at the company property at Seventh and J streets in Lincoln. His usual hour to begin work was 7 a. m. He resided at 2517 Y street. On that morning plaintiff left his home to go to work. He walked to Twenty-seventh and Y where at 6:15 a. m. he took passage on a bus of defendant, riding it to Ninth and P streets where he transferred to a South Tenth street car. He left the car at Tenth and J streets and walked west toward his place of employment at Seventh and J streets. This appears to have been the route selected by him and the customary method and route followed by plaintiff in going to work. He had walked some 300 feet when about 6:50 a. m. at the intersection of Ninth and J streets he was struck by a car and received serious and permanent injuries. He was then some 600 feet or two blocks from his place of employment at Seventh and J streets.

Except as above shown the defendant had no buses or cars operating to carry passengers to, nor did it furnish other transportation from, plaintiff's home to the place where he was employed.

In this proceeding plaintiff's rights and defendant's liabilities are fixed by statute. Our statute provides: "When employer and employee shall by agreement, express or implied, or otherwise as hereinafter provided, accept the pro-

visions of Part II of this article (48-109 to 48-115), compensation shall be made for personal injuries to or for the death of such employee by accident arising out of and in the course of his employment, without regard to the negligence of the employer, according to the schedule hereinafter provided, in all cases except when the injury or death is caused by wilful negligence on the part of the employee; and the burden of proof of such fact shall be upon the employer." Comp. St. 1929, sec. 48-110.

It is further provided: "Without otherwise affecting either the meaning or the interpretation of the abridged clause, 'Personal injuries arising out of and in the course of employment,' it is hereby declared: *Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen,* and not to cover workmen who on their own initiative leave their line of duty or hours of employment for purposes of their own." Comp. St. Supp. 1939, sec. 48-152 (c). (Emphasis supplied.)

Is plaintiff entitled to the benefits of the act?

Plaintiff relies upon decisions from other jurisdictions holding that injuries are compensable when sustained by an employee while being transported to or from work in a conveyance furnished by the employer in pursuance of an express or implied term of the contract of employment. We need not determine whether that rule is applicable in the light of the terms of our statute and in particular the excluding provision contained in section 48-152(c), *supra.* Plaintiff's difficulty is that even if applicable he does not bring himself within the terms of that rule. Plaintiff's contract of employment, as testified to by him, was that he have "transportation back and forth to work." Actually the tranportation furnished him, which he accepted and used without objection for many years as meeting the terms of his employment agreement, was transportation over the lines of the company. In this instance that transportation terminated at Tenth and J streets.

He was expected to be at his place of employment at 7 a. m. He had the right to use, but was not required to use, company transportation facilities so far as available to his transportation needs. On the morning in question he had used those facilities. At the time of the accident he was not using defendant's transportation, he was not on its property, he was not in, on or about the premises where his duties were to be performed; his duties did not require that he be where he was at the time of the accident; the accident occurred before and not during his hours of service, before the period covered by his wages had begun and at a time when defendant had no control over him. In short the accident occurred when plaintiff was walking to work, along a route of his own choosing.

His case falls within the general rule that, if an employee suffers an accident and is injured while going to or from his work from or to his home, the accident does not arise "out of and in the course of his employment" as that clause is defined in the compensation act. *Siedlik v. Swift & Co.,* 122 Neb. 99, 239 N. W. 466; *McDonald v. Richardson County,* 135 Neb. 150, 280 N. W. 456. See 71 C. J. 712, 718, 731.

The judgment of the trial court is affirmed.

AFFIRMED.