LEONARD B. NELMS, APPELLANT, V. J. PHILLIP MAHONEY, DOING BUSINESS AS VICTORY CLEANERS, APPELLEE.

24 N .W. 2d 558

FILED OCTOBER 11, 1946. No. 32132.

*Lester L. Dunn* and *John V. Head,* for appellant.

*Davis, Stubbs & Healey,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by Leonard B. Nelms, plaintiff and appellant, against J. Phillip Mahoney, doing business as Victory Cleaners, defendant and appellee. The action is for recovery of benefits on account of injuries sustained by plaintiff growing out of an accident which plaintiff contends occurred at a time and under such circumstances as to re- the cause of action dismissed. From the disposition of the Workmen's Compensation Act.

A hearing was had before a single judge of the workmen's compensation court with a resultant award in favor

of the plaintiff. A rehearing was had before the full court and likewise following this hearing an award was there made in favor of plaintiff. From the award of the workmen's compensation court an appeal was taken to the district court where after trial the award was reversed and the cause of action dismissed. From the disposition of the case made by the district court plaintiff has appealed to this court.

As grounds for reversal plaintiff has set out in his brief six separate assignments of error. The substance of them taken together amount to an assertion or contention that the award of the workmen's compensation court was sustained by sufficient evidence and that the district court erred on that account in reversing the award and dismissing the action.

That there was an accident, that at the time of the accident plaintiff was riding in a vehicle owned by defendant which was at the time being operated by an employee of the defendant, and that in consequence plaintiff was seriously injured, there is no question or dispute. There are only two questions for determination here. They are: Was the plaintiff at the time in the employ of the defendant within the meaning of the Compensation Act? If so, then was there sufficient proof of the character, quality, and extent of his injuries to sustain the award of the workmen's compensation court?

The substantial facts are that the defendant was engaged in the cleaning business with his place of business in the city of Lincoln, Nebraska. The plaintiff was a sergeant in the military service of the United States Government and was assigned to and stationed at the Military Air Base which was located a few miles northwest of the city of Lincoln.

On or about January 2, 1945, with the consent of his commanding officer, plaintiff was engaged to work for defendant at defendant's cleaning establishment at times when he was not engaged in the performance of military

duties. He had no regular hours of duty at the cleaning establishment and was paid at the rate of seventy-five cents per hour for the service actually performed. At times he worked for defendant in the morning then went to the Air Base for his tour of duty and then returned for further work for defendant. During the period involved defendant had a contract for a part of the cleaning originating at the Air Base. For the purpose of taking care of the business coming from the Air Base defendant sent a truck out there regularly. The customary time for the return of the truck was 5:30 p.m.

At the time plaintiff was employed by defendant it was explained that plaintiff had an automobile of his own but that he was short of gas-rationing coupons and on that account he would not always be able to drive back and forth. It was also explained that regular transportation facilities between the Base and the city were congested and if plaintiff relied on these much delay would be entailed in arriving for work. In the light of this it was agreed that when plaintiff desired he could ride to and from the Base in defendant's pick-up truck.

On January 13, 1945, which was the date of the accident, plaintiff availed himself of the opportunity to ride in on the truck. Plaintiff boarded the truck at about 5:45 p.m. and the driver, an employee of defendant, started to drive out. At a street intersection within the Air Base the truck was driven into the side of a bus. In consequence of this plaintiff was injured. The injuries sustained consisted of lacerations on the neck, the eyebrow area, and scalp; contusions and abrasions of the face, neck, right forearm, left hand, right buttocks, and right foot; fractures of the left clavicle and right innominate bone; a separation of the innominate bone from the symphysis pubis; and an injury to the right sacroiliac joint.

The district court reversed the decision of the workmen's compensation court and dismissed the action on the ground that within the meaning of the Workmen's Compensation

Act plaintiff was not engaged in any service for the defendant.

Whether or not this decision was correct depends upon an interpretation and application of certain provisions of the Workmen's Compensation Act.

Section 48-101, R. S. 1943, provides: "When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, of which the actual or lawful imputed negligence of the employer is the natural and proximate cause, such employee shall receive compensation therefor from his or her employer * * * ."

This provision declares that accidental injuries in order to be compensable must arise out of and in the course of employment.

In the interpretation of this provision we are not permitted to resort to our own devices or to the interpretations placed on a like term by the courts of other jurisdictions. The Legislature, as a part of the Workmen's Compensation Act, has, within certain limits, declared its meaning and given it an interpretation. In section 48-151, R. S. 1943, referring specifically to the provision it said: "Without otherwise affecting either the meaning or the interpretation of the abridged clause, 'Personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, * * * ."

This court has held that in duties being performed under the contract of employment within the meaning of the Workmen's Compensation Act are included duties incidental thereto. Tragas v. Cudahy Packing Co., 110 Neb. 329, 193 N. W. 742; Speas v. Boone County, 119 Neb. 58, 227 N. W. 87; Struve v. City of Fremont, 125 Neb. 463,

250 N. W. 663; Kirkpatrick v. Chocolate Sales Corporation, 127 Neb. 604, 256 N. W. 89.

The legislative interpretation placed upon this provision has been accepted by this court. Lincoln Traction Co. v. Reason, 143 Neb. 512, 10 N. W. 2d 344.

This being true, on this point, the district court was, and this court is, required to answer the questions: Was plaintiff at the time of the accident in, on, or about the premises where duties were being performed? Was he where service for defendant required him to be at the time he was injured? Did the accident occur during the hours of service of plaintiff or some service incidental thereto?

It appears to us that a negative answer to each and all of these questions was and is inevitable. The undisputed evidence is that at the time of the accident plaintiff was several miles from the place of his employment. It was not contemplated that plaintiff should be employed at any place except that distant point. It is true that the truck was the property of the defendant and that it was at the time being operated by an employee of defendant, but the fact is that plaintiff was riding therein for his own convenience. It was but a means of conveyance to a place of employment or to the place where he expected to engage in employment after arriving in Lincoln. The fact, and it was a fact, that defendant desired his service at the earliest possible moment and that this mode of transportation was the most efficient means of accomplishing this purpose did not and could not permit it to be said either that plaintiff was in, on, or about premises where duties were being performed by him, or where service for the defendant was required of him.

Likewise it is clear from the record that the accident did not occur during any hours of service of plaintiff contemplated by the contract of hiring or any service incidental thereto. Under the contract of hiring plaintiff's hours of service were the hours which he found it convenient or possible to work when he was away from his duties at the Air Base. They were the hours he actually worked at the es-

tablishment of the defendant and did not include any time consumed in going to or away from the establishment.

We must therefore conclude, as did the district court, that the accident in which plaintiff was involved and which is the subject of this action did not arise out of and in the course of employment of the plaintiff by the defendant within the meaning of the Workmen's Compensation Act, and hence that the determination and decision of the district court was correct.

This conclusion renders unnecessary a consideration of the remaining questions discussed in the briefs.

The judgment of the district court is affirmed.

AFFIRMED.