DORIS C. BERRY, APPELLANT, v. SCHOOL DISTRICT OF OMAHA, DOUGLAS COUNTY, NEBRASKA, APPELLEE.

49 N. W. 2d 617

Filed November 6, 1951. No. 33017.

*Frank C. Heinisch* and *William H. Mecham,* for appellant.

*King, Haggart & Kennedy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a workmen's compensation case. It presents the question as to whether or not plaintiff's injuries were caused by an accident arising out of and in the course of her employment by defendant, as provided in sections 48-109 and 48-110, R. S. 1943. Plaintiff's petition was dismissed after hearing by the workmen's compensation court. On appeal and after trial de novo, it was dismissed by the district court. Plaintiff appeals. We affirm the judgment of the trial court.

The facts are not in dispute. Plaintiff suffered an accident and serious injury on September 6, 1949. Plaintiff was at the time of the accident a teacher under annual contract with the defendant. She taught school in the kindergarten at Franklin School, an elementary school. All her duties and service were performed at the Franklin School.

The defendant maintained a lunchroom in Technical High School for the benefit of pupils and employees. The high school is some 9 or 10 blocks from the elementary school where plaintiff taught. Teachers in the high school and in some of the surrounding schools ate there where they had prompt service, good food, and reasonable prices. Eating there was optional with the teachers. It was the most convenient hot-lunch place. Plaintiff

usually drove to the high school for her lunch with another teacher.

Usually plaintiff dismissed her pupils at 11:15 a. m. She was required to remain in the building one-half hour thereafter and required to return twenty minutes before the opening of the afternoon session; or, stated otherwise, she was not to leave for lunch before 11:45 a. m., and was to be back at 12:40 p. m. On occasion she was required to return early for a conference. Such a requirement was not involved on the day of the accident. Occasionally plaintiff remained after 11:45 a. m., if all her young pupils had not left for home. On the day of the accident plaintiff, because of such a situation, did not leave for lunch until 11:55 a. m. She and another teacher then drove to the high school; secured, ate, and paid for their lunch; and visited with another teacher. She performed no service and had no service to perform at the high school. Leaving the lunchroom she slipped, fell, and sustained serious injuries.

Plaintiff's rights and defendant's liabilities are fixed by statute. Lincoln Traction Co. v. Reason, 143 Neb. 512, 10 N. W. 2d 344; Nelms v. Mahoney, 147 Neb. 626, 24 N. W. 2d 558.

Our statute provides in part: "Without otherwise affecting either the meaning or the interpretation of the abridged clause, 'personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen, and not to cover workmen who, on their own initiative, leave their line of duty or hours of employment for purposes of their own." § 48-151, R. S. Supp., 1949.

Tested by this statute it is patent that plaintiff has no right of recovery.

We have held that the general rule is that if an em-

ployee is injured while absent from the employment for lunch, the injury does not arise out of nor in the course of the employment. McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456. The rule is applicable here. The fact that the lunch place was a facility made available by the defendant for teachers, if they elected to use it, does not prevent the application of the general rule under the facts of this record.

The judgment of the district court is affirmed.

AFFIRMED.