MARGARET H. MORRIS, PETITIONER-APPELLANT, v. HERMANN FORWARDING CO., RESPONDENT-RESPOND-ENT.

Argued March 21, 1955—Decided April 25, 1955.

*Mr. Alvin B. Lebar* argued the cause for the appellant.

*Mr. John E. Hughes* argued the cause for the respondent (*Mr. William T. McElroy,* of counsel; *Messrs. Shaw, Hughes & Pindar,* attorneys).

The opinion of the court was delivered by

BURLING, J. This is a workmen's compensation case. The plaintiff's deceased husband, Thomas J. Morris, although designated by the employer as a "Transportation Engineer," was within the category of a traveling salesman. The basis of appeal is a very narrow question, whether the decedent sustained an injury by accident arising out of and in the course of his employment.

The proceeding was initiated by Margaret H. Morris (herein called the plaintiff) against Hermann Forwarding Co., a corporation having its office at New Brunswick, N. J. (hereinafter called the defendant). The chronology of the case is that the Division of Workmen's Compensation entered judgment for the plaintiff; the County Court of Middlesex County on the defendant's appeal entered judgment for the plaintiff; the Superior Court, Appellate Division, reversed; and on the plaintiff's petition certification was allowed by this court. *Morris v. Hermann Forwarding Co.*, 17 *N. J.* 182 (1955).

The general principles are not in dispute and in hornbook fashion may be stated thusly: ordinarily when an employee is on his way to his regular place of employment or is on his way home therefrom, and sustains injury, such injury does not arise out of and in the course of his employment, *Moosebrugger v. Prospect Presbyterian Church*, 12 *N. J.* 212, 214–215 (1953). The relationship of traveling salesmen has provided corollary principles to the austere general proposition hereinabove stated. When employment begins upon leaving home and ends when one returns compensation has been allowed for risks of travel on the highway incurred by such salesmen while engaged in their employment. Compare *Rafferty v. Dairymen's League, etc., Ass'n, Inc.*, 16 *N. J. Misc.* 363, 367 (*Dept. Labor, Workmen's Comp. Bur.* 1938).

It has been observed that the purpose of a Workmen's Compensation Act is "* * * 'to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products

of industry such expense.' Since industry must carry the burden, there must then be some causal connection between the employment and the injury, or it must have had its origin in some risk incident to or connected with the employment. or have followed from it as a natural consequence. * * *" *Glasser v. Youth Shop*, 54 *So. 2d* 686, 687 (*Fla. Sup. Ct.* 1951).

This leads to application of these principles to the facts. The facts are not in dispute and may be tersely marshalled as follows:

The plaintiff's deceased husband, Thomas J. Morris (hereinafter called Morris), employed by the defendant for several years principally as a bookkeeper at the defendant's North Brunswick Terminal, for about 12 months preceding his injury had held the position of "Transportation Engineer." In this capacity he solicited new business for the defendant in a specific area, the metropolitan New York area, including the five New York boroughs, and the counties of Bergen, Hudson and (occasionally) Essex, in New Jersey, but not in Middlesex County (where he resided and the defendant's office was maintained). The defendant paid all his travel expenses in his work area, and also, by agreement with him paid his train fare between the railroad station in New Brunswick and his assigned sales district, but not his expenses between his home and the railroad station, in New Brunswick. Morris worked on Thursday evenings and Saturdays as a salesman in a retail store, Fixler's Men's Shop, in New Brunswick, which store had no connection with the defendant.

Morris had no definite hours, occasionally attended dinners and other functions in the evening in his metropolitan New York sales district, and returned to the defendant's office to report from two to four times a month. He settled his accounts (expense accounts) at the office, and stenographic help was available to him there for typing and compilation work when necessary. He collected at the office any data necessary to his work. About once a week an officer of the defendant would phone Morris at his home for discussion of his activities of a week or two weeks.

On the day in question, August 9, 1951, Morris boarded a train for New Brunswick at the Newark railroad station at about 3:15 P. M. He left the train at about 3:45 P. M. at the New Brunswick station. He proceeded about four blocks to Fixler's Men's Shop, arriving there about 4:00 P. M., and spent five to ten minutes there during which time he discussed working at Fixler's that evening.

It was stipulated at the trial proceedings in the Division of Workmen's Compensation that on August 9, 1951 Morris "was struck by an automobile on Nassau Street in the City of New Brunswick, which resulted in his death on August 10, 1951, and that the death was causally related to the accident of August 9." The defendant agreed on this appeal that this accident occurred while Morris was on the way home, and when he had dismounted from a bus and was attempting to cross the street after alighting from the bus. The incident occurred before 4:29 P. M., and the location was within a block or two from his home.

Insofar as Morris' activity in New Brunswick was concerned his procedure was no different from that of any person reporting to work at an office there, and as the evidence disclosed that he performed other work for a different employer in New Brunswick he treated his time as his own after leaving the New Brunswick railroad terminal. *Cf. Richtarik v. Bors,* 142 *Neb.* 226, 5 *N. W.* 2d 199, 142 *A. L. R.* 881, 883 (*Sup. Ct.* 1942). He had a designated metropolitan sales area, removed from the vicinity of his home to which he proceeded by train. He then, in that area, acted as "local" commercial sales agent of the defendant. He did not use his automobile in his sales work, nor did he have occasion to vary his route from day to day with respect to his home.

The extent of the defendant's reimbursement of Morris' traveling expenses was expressly confined by the agreement between Morris and the defendant to expenses on the railroad and in Morris' work area and omitted commutation between Morris' home and the New Brunswick railroad station.

Where there is no real distinction from the going and coming of any ordinary employee compensation should be

denied. *Cf.* 1 *Larson, Workmen's Compensation Law* (1952), *sec.* 16.11, *p.* 225. Complications in the factor of employer control constitute "one reason why compensation statutes have never attempted to cover the journey to and from work in ordinary cases." *Id., sec.* 16.30, *p.* 232.

▮ The plaintiff further contended that Morris was "in the course of his employment" because he was carrying home work materials furnished to him by his employer. The mere fact that a claimant while going to work or home carries with him "some of the paraphernalia of his employment" does not in itself convert the trip from personal to employment activity. *Cf.* 1 *Larson, Workmen's Compensation Law, supra, sec.* 18.24, *pp.* 251–253.

▮ Finally, the plaintiff argued that Morris performed part of his work at home, and therefore his home was to be deemed his work *situs*. Dean Larson states that it "would be rash to announce a sweeping rule that whenever the employee performs any service at home, the intervening journey is in the course of the employment." 1 *Larson, Workmen's Compensation Law, supra, sec.* 18.31, *p.* 253. The test is whether the trip home was *for the purpose* of doing work for the employer, even though incidental thereto the trip to home served a personal purpose. *Ibid., p.* 254. *Cf. Martin v. Hasbrouck Heights, etc., Savings Ass'n,* 132 *N. J. L.* 569 (*Sup. Ct.* 1945); *Glasser v. Youth Shop, supra.* There was no evidence that Morris performed any duty of sale promotion to prospective customers at his home by telephone or otherwise. He merely on occasion was telephoned by his employer and was asked to report on his weekly or bi-weekly activities. Compare 1 *Larson, Workmen's Compensation Law, supra, sec.* 18.32, *pp.* 254–257; *sec.* 1833, *pp.* 257–258.

▮ The evidence or any reasonable inference to be drawn therefrom and the legal principles applicable thereto discloses no basis upon which may be premised a finding that Morris was acting "in the course of his employment" at the time of his injury.

For the reasons expressed in this opinion the judgment of the Superior Court, Appellate Division, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Justices HEHER, JACOBS and BRENNAN—3.