MARILYN L. FITE, WIDOW OF LARRY I. FITE, DECEASED, APPELLANT, v. AMMCO TOOLS, INC., APPELLEE.

275 N. W. 2d 291

Filed February 13, 1979. No. 41985.

Yost, Schafersman, Yost, Lamme & Hillis, for appellant.

William M. Lamson, Jr., and John K. Green of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, J.

Larry I. Fite was killed when his airplane crashed on Wednesday, July 2, 1975. This suit by his widow

against his employer is before us for the second time on appeal from the Workmen's Compensation Court. In Fite v. Ammco Tools, Inc., 199 Neb. 353, 258 N. W. 2d 922, we reversed an evidentiary ruling of the compensation court and instructed it to admit without limitation three statements made by the decedent which came within the "declarations of intent" exception to the hearsay rule. That opinion contains a more detailed statement of the facts.

Upon remand, the Workmen's Compensation Court found that the plaintiff had not met her burden of showing that the decedent was acting within the scope of his employment at the time of his death. We find the evidence to the contrary to be so convincing that we do not hesitate to say that the findings of that court are clearly erroneous. This court has held that a workmen's compensation award cannot be based merely on possibility or speculation. See Welke v. City of Ainsworth, 179 Neb. 496, 138 N. W. 2d 808. In the present case it appears, however, that the finding that decedent was *not* in the course of his employment is based on mere speculation.

The primary consideration leading to the decision of the compensation court was the fact that the crash site near the Greenwood Interchange of Interstate Highway No. 80 was not on a direct line from the decedent's takeoff point in Fremont to either Lincoln or Omaha, his two announced business destinations.

The deviation, however, was small. The decedent had made separate statements on the morning of the crash to his wife, his father, and a neighbor to the effect that he was on his way to work. He used the airplane rarely for pleasure and regularly for business. He was a salesman-serviceman for the defendant in a large territory. As is typical of similar jobs, he had substantial freedom from supervision in arranging day-to-day work activities. He was to notify his superior if he would be taking time off. He had notified his superior that he was going to take a

vacation over the weekend immediately preceding his death; however, there was no such indication that he would be taking time off on the date of his death. His superior testified that the decedent would work 10-hour days, 5 to 6 days a week. He had business appointments in both Omaha and Lincoln either on or near the date of his death.

What was said in Kirkpatrick v. Chocolate Sales Corporation, 127 Neb. 604, 256 N. W. 89, is almost directly applicable: " 'An ultimate fact, fairly and reasonably inferable from facts and circumstances proved, may be taken as established.' Struve v. City of Fremont, 125 Neb. 463.

"The employment, the nature of the employee's duties, the salary, the accident and resulting death are shown without dispute. The employee was not a day laborer with regular hours in an industrial plant. He was a division superintendent; had three detail men under him in the Omaha office; was required to travel; called at all the jobbing places in Nebraska; * * * At his home in Omaha, on the evening of the accident, he said goodbye to his wife and stated he was going to Lincoln. * * * Later, the same evening, he called his wife by telephone and said: 'Well, goodbye, I am going now.' * * * Evidence of these facts is undisputed. There is nothing in the record to indicate he started to Lincoln for his own pleasure or business. *If he started on the business of his employer and was accidentally injured on the way, deviation from the most direct route, if implied from circumstances, would not necessarily defeat a recovery. Keebler v. Harris, 120 Neb. 739. It may fairly and reasonably be inferred from competent evidence not contradicted that the employee was injured on his way to Lincoln and that the fatal accident arose out of and in the course of his employment, within the meaning of the workmen's compensation law * * *.*" (Emphasis supplied.)

Without the possibility of testimony of the decedent,

the evidence that he was in the course of his employment at the time of his death, though circumstantial, is convincing. The decision of the Workmen's Compensation Court is reversed and remanded.

REVERSED AND REMANDED.

CLINTON, J., dissenting.

I respectfully dissent from the majority opinion because I believe the majority of the court has, in this case, disregarded fundamental rules applicable to our review of findings of the Nebraska Workmen's Compensation Court. While the opinion purports not to review de novo, it does so in fact.

The plaintiff, in a workmen's compensation case, just as in any other case, has the burden of proving his cause of action by a preponderance of the evidence. It was the plaintiff's burden to establish that the death arose out of and in the course of the employment. § 48-101, R. R. S. 1943; Reis v. Douglas County Hospital, 193 Neb. 542, 227 N. W. 2d 879; Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410. The term "in the course of" refers to the time, place, and circumstances of the accident. Mauser v. Douglas & Lomason Co., 192 Neb. 421, 222 N. W. 2d 119. All this means under the circumstances of this case is that it must be proved that at the time the accident occurred the decedent was going to or coming from a job for his employer.

The evidence in this case is such that the Nebraska Workmen's Compensation Court could find the plaintiff had failed to prove both the "arising out of" and "in the course of" elements of the cause of action. Several factors in the evidence support the conclusion that the decedent was not in the course of his employment when the accident occurred. The preponderance of the evidence, in fact, seems to point that way. These factors are: (1) There is no direct evidence the decedent had any business appointment in either Omaha or Lincoln on the day of the accident. (2) The invitation of the decedent to

the witness Nielsen to have the witness accompany him on a flight may reasonably be construed to be a social invitation for a joyride in a new airplane. There appears to have been no reason for decedent to have gone with Nielsen to either Lincoln or Omaha on a job of work. (3) The flight path as indicated by the location of the crash is not indicative of a trip to either Lincoln or Omaha, but rather of random flight, although this item, as we later point out, is really not a determinative factor. (4) There was no radio contact by the decedent with the airports at either proposed destination, which communication would be routine if he intended to land at either place. (5) The decedent did not contact any customer, either the day before or the morning of the flight, to advise of his coming. (6) Although the decedent told his wife he had work to do when he left home, his activities from 8 a.m., to 10:30 or 11 a.m., of the day of the accident are wholly unaccounted for. (7) The court was not required to believe the testimony of the decedent's wife as to her conversation with her husband just before he left.

All of the evidence recited in the opinion of the court does not demonstrate that the findings of the Workmen's Compensation Court are clearly wrong. The court simply draws a different inference based upon the cold record and not having heard the testimony of the witnesses. Salinas v. Cyprus Industrial Minerals Co., 197 Neb. 198, 247 N. W. 2d 451; Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92.

The discussion in the opinion and the citation of authority on deviation from route is not on point for it assumes the very fact which must be proved, viz., that decedent was in the course of his employment at the time of the crash. Keebler v. Harris, 120 Neb. 739, 235 N. W. 328, cited by the court, is good law, but it simply does not apply until the basic premise is proved.