SONCRANT v SONCRANT, INC.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—FINDINGS OF FACT—COURSE OF EMPLOYMENT—QUES-
   TIONS OF LAW—MIXED QUESTIONS—APPEAL AND ERROR.

   Findings of fact made by the Workmen's Compensation Appeal
   Board in proceedings before it are conclusive on appeal in the
   absence of fraud but the determination of whether an injury to
   a workman arises out of and in the course of his employment
   may be a question of law, a question of fact, or a mixed
   question of law and fact, and where a question of law is
   involved, the application of that law to the facts of the case is
   subject to appellate review.

2. WORKMEN'S COMPENSATION—EMPLOYER-OWNED VEHICLES—DEVIA-
   TIONS FROM EMPLOYER'S BUSINESS—COURSE OF EMPLOYMENT—
   TOLERATION OF PERSONAL USE—INCIDENT TO EMPLOYMENT.

   The fact that an employee who is driving an employer-owned
   vehicle is injured in a collision while deviating from his em-
   ployer's business does not preclude a finding that the accident
   occurred in the course of his employment where the employer
   has generally tolerated the personal use of his vehicles or such
   personal use was reasonably incidental to the employment
   relationship.

3. WORKMEN'S COMPENSATION—EMPLOYER-OWNED VEHICLES—DRIVING
   TO WORK—CARE OF VEHICLES—SERVICE TO EMPLOYER—MATTER
   OF LAW.

   An employee who is injured while driving to work in an em-
   ployer-owned vehicle which he kept overnight at his house with
   the employer's approval, and which he used in his work, was
   performing a service for the employer by taking the vehicle
   home and caring for it there, and, therefore, receives his

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 58 Am Jur, Workmen's Compensation § 530.
[2, 3] 58 Am Jur, Workmen's Compensation §§ 128, 270.
[4] 58 Am Jur, Workmen's Compensation § 193 *et seq.*

injuries out of and in the course of his employment as a matter of law.

4. WORKMEN'S COMPENSATION—FAULT—INJURIES IN EMPLOYMENT.

Fault has no place in the deliberations of a court on the issue of compensation of an injured employee in workmen's compensation cases, and compensation will be awarded where the injury arose out of and in the employment ambience.

DISSENT BY BASHARA, J.

5. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS OF FINDINGS.

Findings of fact by the Workmen's Compensation Appeal Board which are supported by the record and which in turn support the determination are by constitution and statute conclusively binding on appeal.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 December 11, 1974, at Lansing. (Docket No. 17741.) Decided March 10, 1975.

Claim by Richard C. Soncrant, Jr. against Soncrant, Incorporated and Liberty Mutual Insurance Company for workmen's compensation benefits. Compensation denied. Leave to appeal denied by the Court of Appeals. Defendant appealed to the Supreme Court which remanded to the Court of Appeals for processing as on leave granted. Reversed and remanded.

*Kelman, Loria, Downing, Schneider & Simpson,* (by *Robert W. Howes),* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

DANHOF, P. J. This is an appeal from a decision of the Workmen's Compensation Appeal Board affirming a referee's denial of compensation based upon a determination that plaintiff's injuries did not arise out of and in the course of his employment. Plaintiff sought leave to appeal this decision to the Court of Appeals, but leave was denied. On application to the Supreme Court, this case was "remanded to the Court of Appeals for processing as on leave granted." *Soncrant v Soncrant, Inc,* 391 Mich 780 (1974).

Plaintiff had been employed on a part-time basis by Soncrant, Inc., a Michigan corporation which operated a furniture warehouse and delivery service for commercial furniture dealers. Plaintiff, who is 18 years old, had just finished school, and June 16, 1970 was to be his first full day on the job. He was to work as a warehouseman, but he was also expected to make deliveries of small items that would fit into an automobile and to run errands associated with the business's record keeping.

Plaintiff was allowed to drive an automobile which was registered to the corporation. He used the car for both personal and business purposes. On the morning of June 16, 1970 he was driving the company car to work with his father, who was his employer, as a passenger. Plaintiff still lived in his father's house, and since both of them were going to the warehouse, they went together. Their car was involved in an accident, and the plaintiff suffered the injuries for which he now seeks compensation.

Findings of fact in Workmen's Compensation proceedings are conclusive in the absence of fraud. Const 1963, art 6, § 28; MCLA 418.861; MSA 17.237(861). However, the determination of

whether an injury to a workman arises out of and in the course of his employment may be a question of law, a question of fact, or a mixed question of law and fact. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223; 191 NW2d 334 (1971). In the present case, accepting as conclusive the facts found by the board, the question of whether or not these facts establish that the plaintiff's injury arose out of and in the course of his employment is, nevertheless, a question of law. We conclude that the board erred in the application of present law to the facts.

Recently, our Supreme Court has reexamined the principles underlying workmen's compensation in *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974). In that case, the plaintiff was seriously injured while driving the truck owned and furnished to him by his employer, the defendant corporation. Plaintiff worked as a refrigerator service man and was allowed to take his truck home at the end of each day. On the morning of the accident, plaintiff was on his way to work in the company truck, but he deviated from his normal route to pick up his daughter to take her to school.

In an opinion written by Justice WILLIAMS, the Supreme Court held that the fact that the plaintiff was injured while deviating from his employer's business did not necessarily preclude a finding that the accident occurred in the course of his employment. In so holding, the Supreme Court overruled a long line of contrary authority. The balance of the opinion was devoted to a discussion of the possibility that the employer generally tolerated the personal use of the trucks, or that such personal use was reasonably incidental to the employment relationship. This discussion, however, proceeded from the assumption that: "It is a

fair conclusion from the facts that Thomas and the other employees of Certified Refrigeration, Inc. were performing a service for that company in taking company vans home, caring for them there and displaying the company name and slogan on them." *Thomas v Certified Refrigeration, supra,* page 630. Further, Justice WILLIAMS concluded in a footnote: "The injury to Thomas occurred after he commenced to bring the truck to his employer's place of business, and thus, was within a time during which he was employed when the accident took place even though he had not actually reported for work." *Thomas, supra,* p 633, footnote 4.

In the present case, the plaintiff was also going to work in an employer-owned vehicle which he had kept overnight at his home with the approval of his employer, and which he used in his work. However, the plaintiff here was not engaged in any personal activity causing him to deviate from his employer's business. In fact, the plaintiff's supervisor was riding in the automobile and presumably directing his activities. Consequently, under the established facts of this case as found by the referee and accepted by the board, the plaintiff's injury, as a matter of law under the rule in *Thomas v Certified Refrigeration, supra,* arose out of and in the course of plaintiff's employment.

The fact that the plaintiff lived at home with his parents who were the sole stockholders in the Soncrant, Incorporated and who might not be displeased if the corporation lost this lawsuit, is not enough to make the plaintiff's recovery unjustifiable in view of the remedial nature of workmen's compensation which "like the gentle rain from heaven, falls upon the just and unjust alike so long as the injury arose out of and in the employment ambience". *Thomas v Certified Refrigeration, supra,* p 637.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.

ALLEN, J., concurred.

BASHARA, J. *(dissenting)*. I am forced to dissent from my brothers' opinion for two reasons.

First, I believe that the record sustains the findings of fact of the Workmen's Compensation Appeal Board. The board found that the automobile was the plaintiff's. The plaintiff testified that the Opel Rallye automobile, in which the accident occurred, was "more or less my car". The appeal board further found that the plaintiff was coming from his home and that as a matter of fact, the home was not a corporate office. These findings are substantiated by the record.

The board found, that the record discloses plaintiff was on his first day at work, and was injured while driving with his father to their mutual place of employment. I cannot determine how any of the above findings become questions of law as the majority contends.

Second, I find *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974), relied on by the majority distinguishable from the instant case. In *Thomas, supra,* plaintiff's duties were specifically defined. His taking the truck home was established as being in the course of his employment. We must accept the findings of fact by the appeal board by constitution and statute since the record presents supporting evidence. The board did not find that the father was in any sense directing the activities of his son in being driven to work. The majority presumes this from a silent record.

Pure logic dictates that the Workmen's Compensation Act was not intended to cover an accident

in a claim arising out of these facts. We have nothing more here than an employee who was injured while driving from his home to his employment on his first day of work, driving his own automobile, accompanied by his father.

I would affirm.