BYRD MCDONALD, APPELLEE, V. RICHARDSON COUNTY, APPELLANT.

280 N. W. 456

FILED JUNE 28, 1938. No. 30428.

*J. H. Falloon* and *Paul P. Chaney,* for appellant.

*Wiltse & Wiltse, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and KROGER, District Judge.

DAY, J.

This is a compensation case. Richardson county appeals from an award to an injured employee. The evidence is undisputed. Byrd McDonald was employed as a clerical assistant to the county engineer at a salary of $75 a month. All of her duties were performed within the county courthouse. After finishing her work on February 20, 1937, a snowy and stormy evening, she left the courthouse to go home, intending to complete an errand of her own upon her way to her home. While walking down an automobile driveway leading from the courthouse to the street, which was the customary way for pedestrians to leave the grounds, she fell and sustained a double fracture of her left leg. She was found to be totally disabled for a period of thirteen weeks, and was unable to return to her work until May 22, 1937. She contracted medical, surgical and hospital expenses of $74.75.

The only controverted question is: Did the appellee suffer

an accident and sustain injuries arising out of her employment compensable under the workmen's compensation law? It is contended by the county that the employee had left the courthouse where the office in which she worked is located, and that the injury did not arise in the course of her employment.

It does not seem that the case of *Sentor v. City of Lincoln*, 124 Neb. 403, 246 N. W. 924, is helpful to us in the solution of the problem presented. Sentor had reported for work at a building of the city maintained by it as a headquarters of the street department for the storage of tools and equipment. He was given a shovel and sent to do a certain task of shoveling snow. Sentor's walk along the street was incidental to and a part of his work. He was injured in the course of his employment, not because he was upon the city's streets, but because he was engaged in the work of his employer.

It is of course the general rule that if an employee is injured while going to or from his work to his home (*Siedlik v. Swift & Co.*, 122 Neb. 99, 239 N. W. 466), or is injured while absent from the employment for lunch (*De Porte v. State Furniture Co.*, 129 Neb. 282, 261 N. W. 419), or is injured while he leaves his work solely on a personal errand (*McNaught v. Standard Oil Co.*, 128 Neb. 517, 259 N. W. 517; *Bergantzel v. Union Transfer Co.*, 124 Neb. 200, 245 N. W. 593), the injury does not arise out of nor in the course of the employment.

In the instant case the employee was not engaged in the business of her employer. She was leaving the place of employment, but she was still upon the premises of the employer. She was on the courthouse grounds in the course of going home. One the way home she intended to engage in her own personal business. She did not live in the courthouse, and it was necessary for her to go home. She was leaving the premises of her employer by a route commonly used by the employees of the county. She fell and suffered an injury before she had reached the street.

In *Kasari v. Industrial Commission*, 125 Ohio St. 410,

181 N. E. 809, it was held: "Traversing the zone between the entrance of the employer's premises and the plant where an employee is employed is one of the hazards of the employment." A well-recognized annotator, in considering this case, states: "By the weight of authority injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the workmen's compensation acts, and this rule is supported by the later cases." 82 A. L. R. 1044. Cases are cited from many jurisdictions to support this statement.

In *Utah Apex Mining Co. v. Industrial Commission*, 67 Utah, 537, 248 Pac. 490, the following syllabus which is reported in 49 A. L. R. 415, substantially states the holding of the case: "An employee's death occurs in the course of his employment within the meaning of the workmen's compensation act, when it is caused by coming in contact with a cable which, without his knowledge, has accidentally become charged with electricity, although he is traveling a little-used path from his working place to the highway after quitting work for the day, the use of which by him has never been sanctioned by his employer, although others were permitted to use it, if its use by him had not been forbidden, and it was more convenient for him than the one regularly provided."

A similar case is *Matter of Lynch v. City of New York*, 242 N. Y. 115, 151 N. E. 149, where an employee in a city hospital located on an island owned by the city, after the work was finished and she was leaving to visit a sick relative, was injured by falling on a sidewalk on the premises, and the injury was held to be within the course of employment as defined in the workmen's compensation act. What was said in that case is so applicable to the instant case that it is quoted here: "Claimant came to and remained on the island solely by reason of her employment. She did not make her home there except as an employee. When she was off duty she did not at once leave the place of her employment

on her own affairs. She remained in the interest of her employer. The place was like a hospital with grounds over which the employees have to pass when their own affairs called them away. Employment did not cease when she left the hospital. It was continuous and continued while she was on the island leaving and returning thereto over the route provided by the employer for such purposes, the customary and practical way of ingress and egress. Her employment exposed her to the hazards of the way in and out. * * * Claimant when she sustained the injury was leaving the precincts of the hospital by the usual and customary way provided by her employer. * * * The city is the employer in this case. The rule here stated would be pushed to an illogical and absurd extreme if it were applied to all the sidewalks of New York over which city employees might pass on their way to and from work. But the city maintains a plant on Welfare Island and within that plant the employee is exposed to the hazards peculiar to the employment as well as the hazards of life in general. The hazards of the employment are analogous to those of an employee in a manufacturing plant or railroad shop." See 49 A. L. R. 436.

In this case Byrd McDonald was not in the courthouse for her own personal reasons. She was in the building because she was employed there. For that reason she was on the driveway on the grounds. It was necessary as a part of her employment that she come and go across the grounds after leaving the public street. To urge that she had a right to go upon the premises as a member of the public is, we think, putting too narrow a construction upon the meaning of the compensation act as to what is or is not within the course of employment. An employee is required to cross the grounds of the premises of employer. An employee leaving the premises of her employer in the usual and customary way after her work is ended is within the course of her employment within the meaning of the workmen's compensation law. Walking to and from the street and a building where one is employed is a necessary inci-

dent of the employment, and an injury sustained in so doing is compensable.

The court, therefore, affirms the judgment of the trial court. That judgment is that the employee was entitled to compensation of $11.54 a week for thirteen weeks, and entitled to recover medical, surgical and hospital expenses of $74.75. The trial court awarded an attorney's fee of $40, and this court allows the fee in this court of $50.

AFFIRMED.