EDNA ACTON, APPELLANT, v. WYMORE SCHOOL DISTRICT No. 114 ET AL., APPELLEES.

111 N. W. 2d 368

Filed October 27, 1961. No. 35040.

*McCown, Wullschleger & Baumfalk,* for appellant.

*Cline, Williams, Wright, Johnson, Oldfather & Thompson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a proceeding under the Workmen's Compensation Act. The appellant, Edna Acton, hereinafter called the plaintiff, was an employee of the appellee, Wymore School District No. 114, hereinafter called the defendant. Following a hearing before a single judge of the Nebraska Workmen's Compensation Court, the action was dismissed. The plaintiff then appealed directly to the district court for Gage County, which also entered an order of dismissal. The plaintiff's motion for new trial was overruled and the plaintiff perfected her appeal to this court.

The only issue involved in this appeal is whether the injury sustained by the plaintiff arose out of and in the course of her employment by the defendant.

The undisputed evidence would indicate that on and previous to February 2, 1960, the plaintiff was employed by the defendant as a cook. On her way to work on the early morning of February 2, 1960, plaintiff slipped on

an icy sidewalk bordering the school in which she was employed, broke her ankle, and incurred considerable medical expense. The sidewalk completely surrounds the school and it is not possible for anyone to enter the building or the school grounds without at some point passing over the sidewalk. Exhibit 13 establishes that the sidewalk on which the plaintiff fell is on city property, is 1.78 feet north of the defendant's property line, and is a public walk. However, the evidence is undisputed that the defendant removed all snow from the sidewalk and kept it free from obstruction. Further, the melting snow which formed the ice on which the plaintiff slipped had been pushed to the side of the sidewalk by an employee of the defendant. The defendant did not take any measures to keep ice from forming from the melting snow. The superintendent of schools testified that no one else did anything with reference to the sidewalk except the defendant or its employees. The evidence is also undisputed that the defendant paid for all repairs made to the sidewalk by the city.

The plaintiff contends that walking to and from the street and the building where one is employed is a necessary incident of employment, and an injury sustained in so doing is compensable. Plaintiff slipped on a sidewalk less than 2 feet from her employer's property, which sidewalk she contends was under the employer's control. The ice which caused her fall was formed by runoff from the employer's property, and when she slipped she fell partly on that property.

It is well established in this jurisdiction that an injury sustained by an employee while going to and from his work does not arise out of and in the course of his employment. Siedlik v. Swift & Co., 122 Neb. 99, 239 N. W. 466; Richtarik v. Bors, 142 Neb. 226, 5 N. W. 2d 199, 142 A. L. R. 881; Lincoln Traction Co. v. Reason, 143 Neb. 512, 10 N. W. 2d 344; Fidelity & Casualty Co. v. Kennard, 162 Neb. 220, 75 N. W. 2d 553.

The plaintiff contends that the present case constitutes

an exception to the general rule, and relies primarily on the case of McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456. In that case, the plaintiff, a county employee, slipped on a driveway leading from the courthouse to the street. This driveway was customarily used by pedestrians to enter or leave the courthouse. In that case, we quoted with approval from Kasari v. Industrial Commission, 125 Ohio St. 410, 181 N. E. 809, 82 A. L. R. 1040, as follows: " 'Traversing the zone between the entrance of the employer's premises and the plant where an employee is employed is one of the hazards of the employment.' A well-recognized annotator, in considering this case, states: 'By the weight of authority injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the workmen's compensation acts, and this rule is supported by the later cases.' 82 A. L. R. 1044."

At page 234 of Fidelity & Casualty Co. v. Kennard, 162 Neb. 220, 75 N. W. 2d 553, we said as follows: "In McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456, this court recognized an exception to this general rule. The exception as stated in that case is to the effect that an employee, leaving the premises of the employer in the usual and customary way after the work period has ended, is within the course of the employment within the meaning of the Workmen's Compensation Act. * * *

" 'The reason upon which the exception is grounded is that the hazards of entering or leaving the place of employment while on the property of the employer are hazards of the employment which must be assumed by the employer. The employer is obliged to provide safe ingress and egress to and from the place of employment for employees entering or leaving its property in the performance of the work of the employment. * * * But this is on the theory that the employer has control

of the premises and the employee and that the risks of entering or leaving the place of work are incidental to the employment.' "

The defendant, however, argues that the instant case is controlled by our holding in De Porte v. State Furniture Co., 129 Neb. 282, 261 N. W. 419, which was decided by this court in 1935, 3 years earlier than McDonald v. Richardson County, *supra*. In that case, the plaintiff fell on the sidewalk in front of her employer's premises, a few feet from the entrance, as she was leaving for her noonday lunch. Her fall was caused by ice formed by water dripping from the canopy maintained by the employer over the sidewalk. We held the injury in that case occurred on a public sidewalk which was not a part of the employer's premises, and where the employee was exposed to no other or different hazard than the general public. We there said at page 285, quoting a portion of what is now section 48-151, R. R. S. 1943: " 'Without otherwise affecting either the meaning or interpretation of the abridged clause, "Personal injuries arising out of and in the course of employment," it is hereby declared: Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen.' Hence, to be compensable, the accident must have arisen out of and in the course of the employment as limited by the above definition. The plaintiff here, when injured, was not actually engaged in any duty of her employment nor upon the premises where the work of her employer was carried on, unless by construction we can hold that passing over the sidewalk in front of her employer's place of business, on her own time for which she was not paid, at the noon hour to get her lunch and to do a personal errand brings her within the scope of the compensation law."

Plaintiff argues that the De Porte case is not con-

trolling herein because it was modified by the adoption of the exceptions to the general rule in the McDonald case. We do not accept the plaintiff's premise. The De Porte case was referred to in the McDonald case at page 151 in the most general terms, as follows: "It is of course the general rule that if an employee is injured while going to or from his work to his home (Siedlik v. Swift & Co., 122 Neb. 99, 239 N. W. 466), or is injured while absent from the employment for lunch (De Porte v. State Furniture Co., 129 Neb. 282, 261 N. W. 419), * * * the injury does not arise out of nor in the course of the employment." However, the distinction between the cases is apparent in the next paragraph, a portion of which is as follows: "In the instant case the employee was not engaged in the business of her employer. She was leaving the place of employment, *but she was still upon the premises of the employer. She was on the courthouse grounds in the course of going home."* (Italics supplied.)

It is true that in McDonald v. Richardson County, *supra,* we said: "Walking to and from the street and a building where one is employed is a necessary incident of the employment, and an injury sustained in so doing is compensable."

The use of the term "street" may at first appear to give substance to the plaintiff's claim. The difficulty is that the term is not confined to that portion of the public way which is devoted to vehicular traffic, which in the instant case would be the paved area to the north of the parking which borders the sidewalk on the north. The word "street" is a generic term and ordinarily embraces the entire width of the public way as delineated or described on the plat. Or, in other words, it embraces everything from property line to property line. This would include, in the area involved in the instant case, the paved portion used by vehicular traffic, the parkway, the sidewalk, and an area 1.78 feet between the sidewalk and the defendant's property line. See deci-

sions cited in 40 Words and Phrases (Perm. ed.), p. 277 et seq. It was in this light that the term "street" was used in the McDonald case. It was not our intention to extend the exception beyond the actual limits of the employer's premises. We now say walking on the employer's premises to and from the street and a building where one is employed is a necessary incident of employment and an injury sustained in so doing is compensable. So construed, there is no conflict between the De Porte case and the McDonald case. In the former, the employee was on the sidewalk *off* the employer's premises. In the latter, the employee was still on a driveway *on* the employer's premises.

It was stipulated that the school where plaintiff was employed is located in Block 28, Ashby's Addition in the city of Wymore. Exhibit 2, offered by the plaintiff, is a plat of the area on which the school is located, showing the street. Exhibit 13 locates the sidewalk in the street, and shows it to be 1.78 feet north of the defendant's property line. In the instant case, therefore, it is evident that the plaintiff had not yet reached her employer's premises, and consequently the exception to the general rule in the McDonald case is not applicable.

The plaintiff calls our attention to the fact that it has long been the policy of this state to give a liberal construction to the workmen's compensation law so that its beneficent purposes might not be thwarted by a technical refinement of interpretation. This is still the policy. However, it has no application in the instant case. The plaintiff sustained an unfortunate accident less than 2 feet away from her employer's premises. If we were to interpret the employer's premises to extend beyond the employer's property line, how far should we go? Should we stop at the north end of the sidewalk? Should we stop at the north end of the parkway where the parkway joins the portion paved for vehicular traffic? Should we go to the middle of that paved portion, or should we include all of the street?

To hold that a sidewalk, which is a part of the street and which is beyond the defendant's property line, is a part of the defendant's premises as that term is used in the Workmen's Compensation Act, would not be interpretation but legislation. It is not the function of the court to create a liability where the law creates none.

Plaintiff also argues that the water which ran onto the sidewalk came off the defendant's premises; that the defendant exercised control of the sidewalk; and that the defendant was responsible for the condition of the sidewalk. If control is a factor, there is no evidence in this record that the control exercised by the defendant over the sidewalk was other or different than that exercised by any landowner over the sidewalks bordering his property. Certainly, however, the plaintiff was exposed to no other or different hazard than the general public using the same sidewalk. In any event, this is an action under the Workmen's Compensation Act and not a tort action. The Workmen's Compensation Act does not provide the coverage. The injury sustained by the plaintiff did not arise out of and in the course of her employment.

For the reasons given above, the judgment of the trial court in dismissing the plaintiff's appeal must be affirmed.

AFFIRMED.