SYLVIA SCHADEMANN, APPELLEE AND CROSS-APPELLANT, V.
JOHN J. CASEY ET AL., APPELLANTS AND CROSS APPELLEES,
IMPLEADED WITH ELWOOD DAHL, JR., ET AL., APPELLEES
AND CROSS-APPELLEES.
231 N. W. 2d 116

Filed June 19, 1975. No. 39770.

H. E. Hurt, Jr., and James Gallant, for appellants.

McGroarty Welch, Langdon & McGill and Moodie &
Moodie, for appellee Schademann.

Neil W. Schilke of Sidner, Svoboda, Schilke & Wiseman, for appellees Dahl et al.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Plaintiff Sylvia Schademann filed a petition in the Nebraska Workmen's Compensation Court for benefits claimed by reason of the death of her husband, Elra Schademann, on January 25, 1973, in a truck-train crossing accident at Scribner, Nebraska, while employed by defendants John J. Casey and Janith M. Casey, doing business as Casey Construction, West Point, Nebraska. An award was made for the plaintiff by a single judge of the Workmen's Compensation Court against defendants John J. Casey and Janith M. Casey, doing business as Casey Construction, and Dahl & Sons, Inc. Defendants waived rehearing and noticed appeal to the District Court. Plaintiff made application for a rehearing before the full Workmen's Compensation Court sitting en banc urging that the award should also be against defendants Elwood Dahl, Jr., and JoAnn Dahl, pursuant to section 48-145.01, R. R. S. 1943. Upon hearing en banc the award was affirmed; no attorney's fee was allowed plaintiff, to which plaintiff claims further error. All parties appealed to the District Court, where the award was affirmed and plaintiff was allowed $500 attorney's fee for services in that court. Defendants appeal and plaintiff cross-appeals. We affirm.

Defendants urge that this matter be heard de novo in this court. We conclude from a full consideration of the record that the findings of fact made by the Workmen's Compensation Court and as affirmed by the District Court are fully supported by the record and de novo review is not required. See Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285. For the purpose of this opinion we set out the substance of

the record supporting the findings of the Workmen's Compensation Court.

Defendants John J. Casey and Janith M. Casey were in the general contracting and building business at West Point, Nebraska, operating under the name of Casey Construction, doing business in West Point and surrounding territory, with offices in their home. On November 13, 1972, a written contract was executed between defendant John J. Casey and defendant Dahl & Sons, Inc., Scribner, Nebraska, to build a triplex apartment in Scribner. The contract made no provision requiring Casey to obtain workmen's compensation insurance for his employees, and there was no other agreement for the same. Defendants Casey had no policy of workmen's compensation coverage for their employees. Dahl & Sons, Inc., was incorporated on October 24, 1972; defendants Elwood Dahl, Jr., and JoAnn Dahl were the officers and principal stockholders; and the triplex apartment being constructed was the principal asset of the corporation. Defendants Elwood Dahl, Jr., and JoAnn Dahl, individually, owned and operated Dahl's Cafe, Scribner, Nebraska; and they had a policy of workmen's compensation insurance in force covering cafe employees issued by Hawkeye Security Insurance Company.

In November 1972, Casey Construction began the triplex construction. John J. Casey worked on the project and supervised other company employees, one of whom was Elra Schademann, who farmed near West Point and worked part time as a carpenter for Caseys on an hourly rate basis in and around West Point. On jobs away from West Point, Schademann usually rode to the jobsites with his employers. On the triplex job, Schademann worked a few days in November 1972, and on January 23, 24, and 25, 1973. On January 24th Janith M. Casey transported him to the jobsite. There was no express agreement between employer and employee for transportation to jobsites. On the triplex job at Scribner it was the custom of Schademann to leave his farm

home at about 7:40 a. m., and drive in his car to West Point where he met John J. Casey either at the Strehle's Cafe, or at Casey's home; Schademann would leave his car in West Point and ride to the Scribner jobsite with Casey; they generally arrived at the Scribner jobsite at about 8 a.m.; and at the close of the work day about 5 p.m. Schademann would ride back to West Point with Casey. On January 25, 1973, Schademann met John J. Casey at the cafe in West Point shortly before 8 a.m., and then drove to Casey's home where Casey picked him up and they rode together to Scribner in Casey's van, registered in the name of John J. Casey, arriving at about 8 a.m. Shortly before 5 p.m. Casey directed Schademann in some last minute work and told Schademann that he would be delayed in returning to West Point for 30 to 45 minutes because Casey had some other carpenter work to do at another jobsite. Schademann expressed an interest to then return to his home. Casey furnished Schademann with a 1967 van to drive back to West Point. Schademann drove the van toward West Point and within a few blocks from the jobsite collided with a railroad train at the crossing at about 5 p.m. resulting in his death. At the time of his death Schademann was earning an average of $110 a week. He left surviving him the plaintiff, his widow, aged 51, and three minor children.

Defendants contend that they were denied an impartial hearing before the Workmen's Compensation Court sitting en banc for the reason that the single judge, who presided at the original hearing, was also one of the three judges sitting en banc at the rehearing. Defendants first made this objection in their petition on appeal to the District Court. There is no showing of either bias or prejudice.

The Nebraska Workmen's Compensation Court, by law, is composed of four members. Prior to a 1965 amendment it was composed of three members. Section 48-156, R. R. S. 1943, provides in part: "A majority of the

judges of the Nebraska Workmen's Compensation Court shall constitute a quorum * * * to transact business * * * and for rehearing of any disputed claim for compensation." Section 48-179, R. R. S. 1943, provides in part: "Either party at interest who refuses to accept the findings, order, award, or *judgment of the court* on the original hearing may * * * file with the Nebraska Workmen's Compensation Court an application for a *rehearing* before the *court sitting en banc, * * *.* The court * * * thereafter shall proceed to hear said cause *de novo.*" (Emphasis supplied.)

The hearing before the single judge and the rehearing before the full court sitting en banc are hearings before the Workmen's Compensation Court. The hearing en banc is a full hearing, and issues are submitted anew on the evidence then presented. It is not in any sense an appellate procedure. See City of Lincoln v. Nebraska Workmen's Compensation Court, 133 Neb. 225, 274 N. W. 576 (1937). Absent either statutory disqualification, bias, or other cause shown, it is not prejudicial for the one judge of the Workmen's Compensation Court to thereafter serve as one of the judges of that court on rehearing. §§ 48-177 and 48-179, R. R. S. 1943. The record here fails to show either error or prejudice.

At the original single judge hearing, defendants provided themselves with the services of an official court reporter who prepared a transcript of proceedings, retaining a copy, and giving the original to H. E. Hurt, Jr., defendants' attorney. Plaintiff made application for and was granted discovery upon tender and payment of her proportionate share of the cost. Defendants claim as error that the copy of the transcript was a part of their attorney's work product.

In Walla v. Chicago, B. & Q. R.R. Co., 19 F.R.D. 352 (Neb., 1956), a similar situation arose. Chief Judge Delehant granted discovery, finding the court reporter was not an employee of the party securing his services. Pro-

duction of the transcript by the reporter was ordered upon payment of a proportionate share of the cost.

An annotation in 35 A. L. R. 3d, at p. 460, on this subject states: "A transcript of a * * * hearing made by a certified shorthand reporter at the express request of the attorney for the plaintiffs * * * was held not the 'work product' of the plaintiffs' attorney, in Dougherty v. Gellenthin (1968) 99 NJ Super 283, 239 A 2d 280. * * * The court pointed out that the plaintiffs had not compelled the witnesses to appear at the hearing and that the testimony given had not been a product of investigation or resourcefulness by the plaintiffs' attorney. The court also reasoned that since the hearing had been a solemn judicial public proceeding, 'to permit either party to reserve unto himself that which transpired below and thereby effectively foreclose his adversary from the same would be manifestly unjust.' By refusing discovery, the court said, the plaintiffs seek to make private that which was public in its inception."

A transcript of court proceedings prepared by an official court reporter is not a part of an attorney's work product; it is subject to discovery on payment of a proportionate share of its cost.

Defendants urge that the death of Elra Schademann did not arise out of and in the course of his employment as provided in sections 48-101 and 48-151 (6), R. R. S. 1943, and the rule that generally, if an employee is injured while going to or from his work or home, the injury is not one arising out of and in the course of employment, citing McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456. Plaintiff does not claim that travel was a substantial part of Schademann's job, but rather the transportation in the employers' vehicle is an exception to the general rule. The precise factual question presented here is of first impression.

This court has said: "Whether an accident arises out of and in the course of the employment must be determined by the facts of each case. There is no fixed for-

mula by which the question may be resolved. * * * In determining whether a risk arises out of the employment, the test to be applied to any act or conduct of an employee which does not constitute a direct performance of his work is whether it is reasonably incident thereto, or whether it is so substantial a deviation as to constitute a break in the employment and to create a formidable independant hazard." We further said: "The term 'arising out of the employment' in the Workmen's Compensation Act covers all risks of accident from causative acts done or occurring within the scope or sphere of the employment. All acts reasonàbly necessary or incident to the performance of the work, including such matters of personal convenience and comfort, not in conflict with specific instructions, as an employee may normally be expected to indulge in, under the conditions of his work, are regarded as being within the scope or sphere of the employment." Seger v. Keating Implement Co., 157 Neb. 560, 60 N. W. 2d 598.

The weight of authority in cases where the employer furnishes transportation to the employee is stated in 1 Larson, Workmen's Compensation Law: "§ 17.10 General rule covering trips in employer's conveyance. If the trip to and from work is made in a truck, bus, car, or other vehicle under the control of the employer, an injury during that trip is incurred in the course of employment. The justification for this holding is that the employer has himself expanded the range of the employment and the attendant risks. * * * The reason for the rule in this section depends upon the extension of risks under the employer's control. * * * Since the element of control of the risk in the employer-operated-vehicle case is an independent ground of liability, the employer remains liable for the journey though he charges the employee an amount for the trip sufficient to cover its cost. * * * § 17.30 Non-contractual or casual provision of transportation. The provision of transportation by the employer may come about as a result of custom

and usage, as well as by express contract, as when employees, working at some distance from their homes, engage in the known and habitual practice of riding on the employer's trucks."

A case in support of this majority view is Konopka v. Jackson County Road Commission, 270 Mich. 174, 258 N. W. 429, 97 A. L. R. 552 (1935): "The law seems rather definitely settled that in cases where the contract of employment expressly includes conveyance of the employee to or from his place of work, an accident arising out of such transportation and resulting in an injury to the employee is compensable. It is so held because such an accident arises both out of and in the course of the employment. 1 Schneider's Workmen's Compensation Law (2d Ed.), § 265. We think both on reason and on respectable authority the holding should be the same where, as in this case, incident to the employment contract it is contemplated and understood by both the employer and the employee that the former will transport the latter to or from the place where the work is done. And especially should such be the rule when under a uniform course of conduct the employer does so convey the employee. We do not think the legal aspect is affected by the fact that the employee may at his option adopt other means of conveyance. The arrangement for conveyance of the employee by the employer, when made, is obviously for their mutual advantage; and from the inception of the journey the employee in a very large sense is under the control of the employer. Surely the safety or the peril of the journey is within the control of the employer. The transportation is such an essential incident of the employment as to be a part of it."

We conclude that where incident to the employment contract, whether express, implied, or by custom, it is understood by the employer and employee that the employer will transport the employee to or from the place where the work is to be done, and the employer does so provide that transportation in a vehicle under the em-

ployer's control, an injury during that journey arises out of and in the course of employment.

There was conflict in the record as to the arrangement existing between the employer and the employee Schademann, relating to the transportation between West Point and the jobsite. It was the testimony of John J. Casey that there was no invitation to ride, that he gave his employees an opportunity to ride, and that he loaned the van to Schademann for the return trip to West Point. A fellow employee testified that usually at the beginning of the trip from West Point to the jobsite Casey would say which of the employer's vehicles they would take to the jobsite, and the employees then got into that vehicle and rode with Casey to the jobsite. There was evidence by way of admission that Casey instructed Schademann to drive the van on the return trip to West Point at the time of the fatal accident. The trial court could find from the record that Schademann was furnished transportation to and from the jobsite on a regular informal prearranged basis; the jobsite was several miles distance from Schademann's home, and he had no transportation available for the return trip to West Point; that Schademann understood with his employers that they would furnish transportation to and from the jobsite in a vehicle under their control; that the return trip on January 25, 1973, by Schademann was incident to his employment in a vehicle under the control of defendants Casey; and that the death of Schademann arose out of and in the course of his employment.

Plaintiff urges on cross-appeal that the court sitting en banc erred in not allowing her an attorney's fee. The hearing before the court en banc was requested by plaintiff, the parties defendant having waived rehearing and appealed directly to the District Court. Although Wiekhorst v. Rural Electric Co., Inc., 186 Neb. 445, 183 N. W. 2d 747, held that the word "may" used in section 48-125, R. R. S. 1943, is generally interpreted as "should," we

find here no abuse of discretion by the Workmen's Compensation Court. The District Court properly allowed an attorney's fee.

Plaintiff also urges that defendants Elwood Dahl, Jr., and JoAnn Dahl should be liable for the payment of an award made because of the application of section 48-145.01, R. R. S. 1943, which provides in part: "Any employer required to secure the payment of compensation under this act who *willfully fails* to secure the payment of such compensation shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment. In any case where the employer is a corporation any officer or employee of the corporation who had authority to secure payment of compensation on behalf of the corporation and *willfully failed* to do so shall be individually liable to a similar fine and imprisonment and such officer or employee shall be personally liable jointly and severally with such corporation for any compensation which may accrue under Chapter 48, article 1, in respect to any injury which may occur to any employee of such corporation while it shall so fail to secure the payment of compensation as required by section 48-145." (Emphasis supplied.)

At the time this legislation was pending before the Nebraska Legislature, Workmen's Compensation Judge Benjamin Novicoff testified before a legislative committee that: "Section 18 provides a penalty for failure to secure insurance or to qualify as a self-insurer, and I think it is important to accent the word 'willful' failure. An error in judgment would not result in penalty but if the employer willfully fails to get insurance, then there would be a penalty."

We interpret the word "willfully" as used in section 48-145.01, R. R. S. 1943, as that failure by act or omission to act, done knowingly and intentionally. The

plaintiff failed to sustain her burden of proof on that issue.

The judgment of the District Court affirming the award of the Workmen's Compensation Court sitting en banc was correct and should be affirmed. Plaintiff is allowed $750 attorney's fees in this court.

AFFIRMED.