JAMES B. BUTT, APPELLEE AND CROSS-APPELLANT, V.
CITY WIDE ROCK EXCAVATING CO., APPELLANT AND
CROSS-APPELLEE.

281 N. W. 2d 406

Filed July 17, 1979. No. 42410.

William J. Riedmann and Eric W. Kruger of Riedmann & Kruger, for appellant.

Richard L. Swenson of Lathrop, Albracht & Swenson, for appellee.

Heard before BOSLAUGH, CLINTON, and WHITE, JJ., and HAMILTON and HENDRIX, District Judges.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff was employed by the defendant as a heavy equipment mechanic. On April 21, 1977, the plaintiff was injured while driving a truck owned by the defendant from the plaintiff's home to the defendant's shop in Omaha, Nebraska. The injury occurred when the truck struck a light pole while the plaintiff was attempting to avoid striking a pedestrian who ran in front of the truck.

The evidence shows that the defendant employed five or six mechanics. The defendant supplied trucks to two of the mechanics so that they could repair the defendant's equipment at its two quarries and repair trucks which broke down on the road. Approximately a year before the accident the de-

fendant supplied a truck to the plaintiff. The plaintiff was instructed to put all of his tools and equipment in the truck and to use the truck to drive back and forth from his home to work. The plaintiff was not allowed to use the truck for personal use. All expenses of operating and maintaining the truck including fuel, repairs, and insurance were paid by the defendant.

The plaintiff was an hourly employee and his time commenced when he arrived at the shop and stopped when he left the shop to go home. The plaintiff was not paid for the time spent driving to and from work. On five or six occasions the plaintiff had been directed to report at one of the quarries instead of the shop, and on those occasions his time commenced when he arrived at the quarry. Although the plaintiff on occasion worked after normal working hours, the evidence does not indicate that the plaintiff had been called for emergency purposes after he had returned to his home.

After the hearing before a single judge of the compensation court, and again upon rehearing, the plaintiff recovered an award. The defendant has appealed and contends that the injury to the plaintiff did not arise out of and in the course of his employment by the defendant.

The general rule is that an injury sustained by an employee while going to and from his work does not arise out of and in the course of his employment. Acton v. Wymore School Dist. No. 114, 172 Neb. 609, 111 N. W. 2d 368. However, where transportation to the place of work is furnished by the employer and the injury occurs while the workman is being transported in a vehicle under the control of the employer, the injury may arise out of and in the course of the employment. Schademann v. Casey, 194 Neb. 149, 231 N. W. 2d 116.

The evidence in this case shows that the truck was not furnished to the plaintiff for his convenience and

benefit alone. The tools and equipment used by the plaintiff in performing the duties of his employment for the defendant were kept in the truck so that they would be available at all times. This permitted the defendant to direct the plaintiff to report at one of the quarries instead of the shop so that the time which would be used in going to the shop before going to the quarry, or to the scene of a breakdown, was eliminated. In the event of an emergency the plaintiff would be able to go directly to the place where his services were required without first going to the shop.

At the time of the accident in this case the plaintiff was operating the truck in accordance with the directions of the defendant. The truck was under the control of the defendant to the same extent as the truck involved in Schademann v. Casey, *supra*. Under these circumstances, the plaintiff was engaged in the course of his employment at the time of the accident and the injury arose out of the employment. See, 1 Larson, Workmen's Compensation Law, § 17.10, p. 4-180; Soncrant v. Soncrant, Inc., 59 Mich. App. 287, 229 N. W. 2d 419: Thomas v. Certified Refrig., 392 Mich. 623, 221 N. W. 2d 378; 99 C. J. S., Workmen's Compensation, § 235, p. 834.

The plaintiff cross-appeals from that part of the award which directed the defendant to pay "to the plaintiff and the party making said payments" $6,183.20 in medical and hospital expense that had been paid "on behalf of the plaintiff." The record before us does not show who paid the $6,183.20. The award was as favorable to the plaintiff as the evidence would allow. The cross-appeal is without merit.

The judgment of the Workmen's Compensation Court is affirmed.

AFFIRMED.