JOSEPH KOPFMAN, APPELLANT, V. FREEDOM DRILLING CO., INC., AND MORRIS HOWARD, APPELLEES.

370 N.W.2d 89

Filed July 5, 1985.   No. 84-263.

T. Edward Icenogle, Richard L. Shearer, Thomas J. Overton, and Randall M. Livingston, for appellant.

Francis L. Winner of Winner, Nichols, Douglas, and Kelly, for appellee Freedom Drilling Co.

David C. Nuttleman of Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellee Howard.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiff-appellant, Joseph Kopfman, appeals from an order of the district court for Kimball County granting summary judgment to defendants-appellees, Freedom Drilling Co., Inc., and Morris Howard. The district court found that Kopfman's action in negligence was barred by the exclusive remedy provision of the workmen's compensation statutes. We affirm.

Defendant Morris Howard was employed by defendant Freedom Drilling Co., Inc., a Wyoming corporation, as a driller, working on Freedom's oil rigs in Kimball County, Nebraska. Kopfman was hired by Freedom, acting through Howard, to work as a "roughneck" or floor hand on the same rigs. Howard's duties included supplying a drilling crew to work the rigs during Howard's duty time from 7 a.m. to 3 p.m. Howard, a resident of Sterling, Colorado, assembled his crew, including Kopfman, from the Sterling area. Freedom paid Howard, at a per mile rate, to travel in Howard's car from Sterling to the rig site in Kimball County, Nebraska. While none of the crew members were required to accept transportation, Howard did furnish transportation to the rig site for his crew of four or five persons, and all members, including Kopfman, accepted. None of the crew were paid by Freedom for time

spent traveling, nor did the crew members pay for the transportation.

On July 19, 1981, at about 6 a.m., the crew was traveling to the rig site in Howard's 1979 Chevrolet Blazer, with Howard driving. Howard had modified the Blazer himself to run on propane fuel rather than gasoline and had installed a propane fuel tank immediately behind the rear passenger seats. Howard left the direct route to Freedom's oil rigs, while en route from Sterling to Kimball County on July 19, and drove about one-quarter of a mile to a well site where he stopped to fill his vehicle tank with propane. There was no evidence the well site was owned or operated by Freedom. Howard had no authority from anyone to take the propane. Howard's actions were, therefore, stealing. During the refueling process, propane gas escaped into the passenger compartment. One of the passengers lit a cigarette and an explosion occurred within the Blazer. Appellant received burns over 25 percent of his body in the ensuing flash fire.

Appellant brought suit against Howard and Freedom, alleging the negligence of both defendants and the doctrine of respondeat superior as to Freedom with regard to Howard's actions. Howard and Freedom each moved for summary judgment on the grounds that Howard and Kopfman were both in the scope of their employment with Freedom and that the action was therefore barred by exclusivity provisions of the workmen's compensation statutes. Kopfman admitted that Howard was within the scope of Howard's employment with Freedom while Howard himself was traveling to the jobsite, but alleges that Howard departed from the scope of his employment when he deviated from his route to steal propane. Kopfman also argues that he was at no time within the scope of his employment with Freedom while traveling to the jobsite. The district court granted appellees' motions and entered judgment in their favor.

Appellant first argues that the trial court erred in granting appellees' motions for summary judgment. He suggests that there were three genuine issues of material fact: whether appellant ever entered the scope of his employment, whether Howard's deviation from his normal route to refuel his vehicle

removed him from the scope of his employment, and whether Howard's act of stealing the propane for his vehicle amounted to misfeasance or positive wrong, causing appellant's injuries. Appellant, however, misconstrues the distinction between questions of fact and law. The underlying facts and inferences in this situation are viewed in the light most favorable to appellant to establish the factual basis to which the court must apply the applicable law. Those facts in this case are undisputed. The three issues set out by Kopfman are not questions of fact decided by the trial court but, rather, are matters of law which the court properly determined in view of the undisputed facts. The trial court correctly disposed of the matter on appellees' motions for summary judgment.

Kopfman contends that he had never entered the scope of his employment and that therefore the workmen's compensation statutes cannot bar his action. It is Kopfman's position that since he was not compensated for his travel time, the transportation was not part of the employment contract. "The general rule is that an injury sustained by an employee while going to and from his work does not arise out of and in the course of his employment." *Butt v. City Wide Rock Exc. Co.*, 204 Neb. 126, 127, 281 N.W.2d 406, 407 (1979). There are, however, exceptions to that rule. In *Schademann v. Casey*, 194 Neb. 149, 156-57, 231 N.W.2d 116, 122 (1975), we said:

> We conclude that where incident to the employment contract, whether express, implied, or by custom, it is understood by the employer and employee that the employer will transport the employee to or from the place where the work is to be done, and the employer does so provide that transportation in a vehicle under the employer's control, an injury during that journey arises out of and in the course of employment.

"When drilling sites are at locations remote from population centers, transportation is commonly provided by the employer for the mutual benefit of all parties." *Christian v. Nicor Drilling Co.*, 653 P.2d 185, 186 (Okla. 1982). In this case it is undisputed that defendant Howard received remuneration from Freedom for traveling to the jobsite. It is also undisputed that Howard picked up appellant every working day to transport appellant to

the job, that appellant understood he was to be picked up, and that appellant accepted transportation every day to the remote well site. In that situation we conclude that transportation furnished to an employee by an employer either incident to the employment contract or because of the custom of the job the employee had with the employer operates to bring the employee within the scope of his employment for workmen's compensation purposes during the time of the transportation. Appellant must be considered to have entered the scope of his employment when he began his free transportation, furnished by Freedom, to the jobsite.

In similar situations involving injuries to members of oil drilling crews while en route to or from work, several states have arrived at the same result. *Christian v. Nicor Drilling Co., supra*; *Liberty Mut. Ins. Co. v. Chesnut*, 539 S.W.2d 924 (Tenn. App. 1976); *Jensen v. Manning & Brown*, 63 Wyo. 88, 178 P.2d 897 (1947); *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 680 P.2d 556 (1984).

Since appellant was in the scope of his employment, any action against Freedom outside of the remedies afforded employees by the Nebraska Workmen's Compensation Act would be barred by Neb. Rev. Stat. § 48-111 (Reissue 1984). Therefore, the judgment in favor of Freedom on Kopfman's direct suit against Freedom must be affirmed.

Whether the judgment in favor of Howard can stand depends on our resolution of appellant's final assignment of error. Appellant suggests that Howard's deviation from his normal route to work to refuel his vehicle removed him from the scope of his employment. If it did, Howard would no longer enjoy the status of coemployee and would thus be unprotected by § 48-111. If it did not, appellant's claim against Howard would be barred by that provision.

Neither party denies that, but for the deviation to refuel, Howard's travel to and from work was within the scope of Howard's employment. Freedom, by paying Howard to travel to the jobsite, expanded the scope of Howard's employment. As stated in *Schademann v. Casey, supra* at 155, 231 N.W.2d at 121:

"All acts reasonably necessary or incident to the

performance of the work, including such matters of personal convenience and comfort, not in conflict with specific instructions, as an employee may normally be expected to indulge in, under the conditions of his work, are regarded as being within the scope or sphere of the employment."

Where an employer expands the employment to include the employee's traveling, an employer must contemplate that the employee will have to refuel his vehicle. Therefore, a refueling stop cannot be considered a deviation from the course of employment.

This issue then becomes whether Howard's stealing the propane, as opposed to buying it, removed him from the scope of his employment. On this point we agree with the statement set out in 1A A. Larson, The Law of Workmen's Compensation § 35.20 at 6-102 (1985): "Violation of statute or commission of crime does not affect a compensation claim when the illegal feature of the conduct was not the causative factor in producing the injury." See, also, *Texas Employers' Ins. Ass'n v. Peppers*, 133 S.W.2d 165 (Tex. Civ. App. 1939); *Anderson v Cohen Iron Works*, 38 N.Y.2d 511, 344 N.E.2d 389, 381 N.Y.S.2d 457 (1976). The stealing of the gas was not the causative factor of appellant's injuries in this case. Had Howard paid for the gas, the flash fire still would have occurred. Howard was within the course of his employment at the time of the accident which injured Kopfman. Kopfman's claim against Howard is therefore barred by § 48-111.

AFFIRMED.