GARY KRAMER, APPELLANT, V. ALLEN DENOYER, DOING BUSINESS
AS D & H SERVICE, APPELLEE.
484 N.W.2d 447

Filed May 29, 1992.   No. S-91-547.

Earl D. Ahlschwede, of Mayer, Burns & Ahlschwede, for appellant.

Walter E. Zink II, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Plaintiff appeals from a decision of the Workers' Compensation Court which held that defendant was an employer of farm or ranch labor and therefore exempt from coverage under the compensation act. The court ordered the plaintiff's claim dismissed. Plaintiff assigns as error this finding and the order of dismissal. We reverse.

Pursuant to Neb. Rev. Stat. § 48-185 (Supp. 1991), an appellate court may modify, reverse, or set aside the Workers' Compensation Court's decision only when

(1) the compensation court acted without or in excess of its powers, (2) the judgment, order, or award was procured

by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the compensation court do not support the order or award.

*Kraft v. Paul Reed Constr. & Supply*, 239 Neb. 257, 475 N.W.2d 513 (1991).

The plaintiff-appellant, Gary Kramer, was employed by Allen DeNoyer, doing business as D & H Service, the defendant-appellee, from the summer of 1989 to January 20, 1990. DeNoyer owned and operated an automobile service station in North Loup, Nebraska, as well as two hog breeding and feeding operations, one north and one southwest of North Loup. Each hog operation consisted of 50 to 75 hogs, and the animals were sold either as breeding stock or as feeders.

Kramer would work from 8 a.m. to 6 p.m., either at the service station pumping gas, doing service work, or running errands, or at the two farms doing chores such as feeding and watering the livestock, cleaning pens, fixing fence, or whatever was necessary. The record does not disclose what percentage of his time Kramer spent at the service station as compared to the farms.

On January 20, 1990, after performing some general tasks at the gas station, Kramer, using a Ford pickup truck furnished him by his employer, drove to the north farm to do chores. After finishing his work there, Kramer drove to the southwest operation and completed whatever chores were necessary there. He then intended to return to town to work at the service station, but discovered that his vehicle was stuck in the snow on the farm. Kramer testified that "my pickup got stuck. I got the — scooped some of the snow away, tried to make it back up the hill. I couldn't make it, so I went for help." While walking on the shoulder of the highway, in search of a phone to call for help, Kramer slipped on the snow and ice and fell, injuring his leg.

The sole issue in this case is whether the plaintiff was covered under the Workers' Compensation Act. Neb. Rev. Stat. § 48-106(2) (Reissue 1988) provides in part as follows: "The following are declared not to be hazardous occupations and not within the provisions of the Nebraska Workers' Compensation

Act: Employers of household domestic servants and employers of farm or ranch laborers."

The compensation court in its order of dismissal, after reciting the facts describing the hog operations, then made the following findings:

> Did the above described hog breeding operation constitute a farming operation within the meaning of Section 48-106? We hold that it did and we find that the defendant was an "employer of farm or ranch laborers" in connection with the hog breeding operation. It follows that the said activity or operation, in which the plaintiff was engaged at the time of said accident and injury, was exempt from the coverage of the Workers' Compensation Law.

We assume without deciding that the hog breeding operation was a farming operation and that when an employee was performing duties there, DeNoyer was an " 'employer of farm or ranch laborers.' " However, we find that conclusion irrelevant to a determination of this case for the reason that undisputedly, Kramer had concluded those farm labors and was in the process of returning to the service station, as required by that employment.

This court first adopted the "employer-supplied transportation" rule to workers' compensation cases in *Schademann v. Casey*, 194 Neb. 149, 231 N.W.2d 116 (1975). We said,

> [W]here incident to the employment contract, whether express, implied, or by custom, it is understood by the employer and employee that the employer will transport the employee to or from the place where the work is to be done, and the employer does so provide that transportation in a vehicle under the employer's control, an injury during that journey arises out of and in the course of employment.

*Id*. at 156-57, 231 N.W.2d at 122.

In *Butt v. City Wide Rock Exc. Co.*, 204 Neb. 126, 281 N.W.2d 406 (1979), an employee was injured while driving the employer's truck from the employee's home to the employer's shop. This court upheld the award of benefits, stating:

> The general rule is that an injury sustained by an employee while going to and from his work does not arise out of and in the course of his employment. *Acton v. Wymore School Dist. No. 114*, 172 Neb. 609, 111 N.W.2d 368. However, where transportation to the place of work is furnished by the employer and the injury occurs while the workman is being transported in a vehicle under the control of the employer, the injury may arise out of and in the course of the employment. *Schademann v. Casey*, 194 Neb. 149, 231 N.W.2d 116.

*Butt*, 204 Neb. at 127, 281 N.W.2d at 407.

The same rule was applied in *Kopfman v. Freedom Drilling Co.*, 220 Neb. 323, 370 N.W.2d 89 (1985).

> In that situation we conclude that transportation furnished to an employee by an employer either incident to the employment contract or because of the custom of the job the employee had with the employer operates to bring the employee within the scope of his employment for workmen's compensation purposes during the time of the transportation.

*Id.* at 327, 370 N.W.2d at 92.

In *Millard v. Hyplains Dressed Beef*, 237 Neb. 907, 468 N.W.2d 124 (1991), we affirmed a summary judgment in favor of the employer which was defending a suit for damages at common law brought by personal representatives of deceased employees. In holding that the estates could not maintain wrongful death actions because the Nebraska Workers' Compensation Act provided the exclusive remedy, the court concluded that "the transportation was provided by the defendants, that it was under the control of the defendants, and that the injury and deaths of the decedents arose out of and in the course of their employment with Davis and his corporations." *Id.* at 911, 468 N.W.2d at 127.

DeNoyer supplied Kramer with a vehicle for transportation of Kramer in conjunction with Kramer's employment. At the time of his injury, Kramer had completed his chores at the hog operations and was traveling to the service station. In accordance with *Schademann v. Casey, supra*, Kramer's return trip to the station was within the scope of his employment there.

The fact that the injury occurred while Kramer was seeking assistance, rather than actually driving the truck, is immaterial because Kramer was injured during a trip directly involving a vehicle supplied by his employer for transportation in conjunction with his employment. His activities in seeking help were directly related to using the mode of transportation furnished.

One can distinguish this case in the sense that the previously cited cases involved either transportation from home to employment covered by the Workers' Compensation Act or transportation between two employment tasks that were both covered by the act. In the case before us, the employee had just finished an activity exempted from the application of the Workers' Compensation Act and was on his way to employment that is covered by the act. However, this case is analogous to cases which concern employees who are using employer-supplied transportation to travel from their residences to the worksite, since they are also transferred in employer-supplied transportation from a noncovered situation into a covered one. Therefore, we hold that where an employee is transported from an exempt employment situation to his or her covered employment site in employer-controlled or employer-supplied transportation, an injury during that journey arises out of and in the course of the covered employment.

The finding of the compensation court that the "activity or operation, in which the plaintiff was engaged at the time of said accident and injury, was exempt from the coverage of the Workers' Compensation Law" is not supported by sufficient competent evidence and is clearly erroneous.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion. The request for attorney fees is denied.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., dissenting.

I dissent from that part of the majority opinion which holds that whenever an employee is transported from an exempt employment situation to a covered employment site in

employer-controlled or employer-supplied transportation, an injury during that journey always automatically arises out of and in the course of the covered employment.

The majority opinion concludes that because the plaintiff had completed his duties at the farm, which was not covered employment, and was in the process of returning to his duties at the service station, which was covered employment, his injury was covered under the Workers' Compensation Act because the defendant supplied the plaintiff with a vehicle for transportation in conjunction with his employment. However, the vehicle supplied by the defendant in this case was used by the plaintiff in conjunction with his duties at both the farm and the service station.

Because the plaintiff had completed his chores at the hog farm and was returning to the service station (in the vehicle supplied by the defendant for use in conjunction with the plaintiff's duties at the farm as well as the service station), the return trip to the service station was not within the scope of his employment at the station.

> Where an employee leaves the place where his duties are to be performed or where his service requires his presence to engage in other objectives, not incident to his employment, the relation of employee and employer does not exist until he returns to a place where, by the terms of his employment, he is required to perform services.

*Solheim v. Hastings Housing Co.*, 151 Neb. 264, 276, 37 N.W.2d 212, 219 (1949). See, also, *Gibb v. Highway G.M.C. Sales & Service Corp.*, 178 Neb. 127, 132 N.W.2d 297 (1964); *McDuffee v. Seiler Surgical Co., Inc.*, 172 Neb. 325, 109 N.W.2d 384 (1961); *Luke v. St. Paul Mercury Indemnity Co.*, 140 Neb. 557, 300 N.W. 577 (1941).

In *Solheim*, the plaintiff, who was employed by both the Hastings Housing Company and the Kearney Construction Company as the manager of construction, was injured while returning to Hastings from a trip to Kearney, where he had traveled to perform duties relating to his employment as construction manager of the Kearney Construction Company. There were no duties relating to the plaintiff's employment as construction manager of the Hastings Housing Company

which required the plaintiff to travel to Kearney. This court found that while the plaintiff was on the trip from Hastings to Kearney and back, he was not performing duties relating to the Hastings Housing Company such as to bring him within the scope of his employment with that company and that the plaintiff had no basis for a claim against the Hastings Housing Company.

In the present case, the plaintiff testified that when he was at the southwest hog farm he was doing chores and that he was not performing service station activities. Accordingly, the rule set forth in the *Solheim* decision applies. The trip *to the farm and back* was required by his noncovered employment. Although the plaintiff was driving a vehicle supplied by his employer, the plaintiff had not returned to a place where by the terms of his employment he was required to perform services related to his job at the service station.

The decision of the compensation court should have been affirmed.