GLADYS M. JOHNSON, APPELLANT, V. HOLDREGE MEDICAL CLINIC
AND CONTINENTAL INSURANCE CO., APPELLEES.
534 N.W.2d 340

Filed July 18, 1995.   No. A-94-1034.

Dale A. Romatzke, of Ross, Schroeder, Brauer & Romatzke, for appellant.

Jay C. Elliott, of Kay & Kay, for appellees.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

SIEVERS, Chief Judge.

Gladys M. Johnson appeals the Workers' Compensation Court review panel's decision which affirmed the trial judge's denial of her claim for workers' compensation benefits. The trial judge found that Johnson failed to show that the injury and accident she sustained arose out of and in the course of her employment with Holdrege Medical Clinic. For the reasons cited below, we affirm.

## FACTS

The record reflects that at the time of trial, Gladys M. Johnson was a 62-year-old woman who had been employed as a therapist technician at Holdrege Medical Clinic for approximately 25 years. Johnson normally worked 36 hours per week at a rate of $6.90 per hour. Johnson's usual work hours were from 8 a.m. to 5 p.m.; however, she often went into work at 7 a.m. to "get things straightened out and get ready to go for the day." On November 5, 1991, Johnson left her home at approximately 6:45 a.m. and drove 10 blocks from her home to a city parking lot located near the clinic. The parking lot was approximately 75 to 100 feet from the back entrance of the clinic. Johnson testified that her "normal route" was to park

her vehicle in the city lot, cross Fifth Avenue, and then cut across the Home Federal Savings and Loan parking lot to an alley that led to the back entrance of the clinic. Johnson was not required to use the back door, although she usually did so. On the morning of November 5, Johnson stated that after she parked her vehicle in the city lot, she crossed Fifth Avenue and began to walk across the driveway leading to the drive-through window for the Home Federal building. Just as she was going up into the driveway of the Home Federal property, Johnson slipped on some ice and fell, injuring her left elbow. At the point that she fell, Johnson was approximately 50 feet from the edge of the clinic building. Due to her injury, Johnson was unable to work for approximately 3 months. However, she had returned to work at the time of trial.

The clinic maintains a parking lot located immediately behind the clinic. The administrator of the clinic, Thomas Canaday, testified that although employees were allowed to park in this lot at one time, a new parking policy was implemented whereby employees were asked to park elsewhere, since the lot was of limited space and parking was needed for patients and doctors. Although Canaday could not remember the exact date the clinic implemented its parking policy for employees, he testified that it was probably suggested some time in the early 1980's. At the time the parking policy was implemented Canaday posted a memorandum advising the clinic's employees that they were no longer going to be allowed to park in the clinic's parking lot. A city map that indicated the available areas of public parking was also posted at that time. Canaday testified that the map showed four city parking lots available for employee parking along with various areas for street parking. There was no policy or rule that required the clinic's employees to park in any particular place other than to prohibit them from parking in the clinic's lot. Johnson testified that the lot where she parked was the city lot closest to the clinic.

Johnson testified that although she had at one time parked in the clinic's parking lot, she had parked in the same city lot as she did the day of her accident since the time that the clinic's employees had been asked to park elsewhere, approximately 10

to 12 years previous. Johnson testified that at the time of her accident, she was aware that she was not required to use the city parking lot she parked in that morning and that there were other places available for her parking use, including other city lots and street parking. Johnson chose that particular city lot, since it was one of the suggested parking places and it was the closest and most convenient for her to park in. Although she primarily used this particular lot for parking, Johnson had also parked in other places when that lot was full.

Johnson's application for benefits was denied by a judge of the Workers' Compensation Court. The trial judge held that Johnson was not entitled to compensation because her accident and injury did not arise out of and in the course of her employment with the clinic. On appeal, a review panel affirmed the order of the trial judge.

## ASSIGNMENTS OF ERROR

In her appeal to this court, Johnson's two assignments of error can be summarized into the following: The trial court erred in denying her benefits, since her accident and injury arose out of and in the course of her employment with the clinic.

## STANDARD OF REVIEW

This court has recently summarized the principles of the standard of review applicable to appellate review of the trial judge's decision in workers' compensation cases in *Logan v. Rocky Mountain Rental*, 3 Neb. App. 173, 174, 524 N.W.2d 816, 818 (1994):

Findings of fact made by the Workers' Compensation Court trial judge are not to be disturbed upon appeal to the review panel unless they are clearly wrong, and if the record contains evidence which substantiates the factual conclusions reached by the trial judge, the review panel should not substitute its view of the facts for that of the trial judge. It naturally follows that an appellate court also does not substitute its view of the facts for that of the trial judge. See *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994). When testing the sufficiency of the evidence to support findings of fact by

the Workers' Compensation Court trial judge, the evidence must be considered in the light most favorable to the successful party, and the successful party will have the benefit of every inference reasonably deducible from the evidence. See *Miner v. Robertson Home Furnishing*, 239 Neb. 525, 476 N.W.2d 854 (1991). With respect to questions of law in workers' compensation cases, an appellate court is obligated to make its own determination. *McGowan v. Lockwood Corp.*, 245 Neb. 138, 511 N.W.2d 118 (1994).

## ANALYSIS

▇ Johnson argues that the Workers' Compensation Court erred by denying her benefits, since her accident and injury arose out of and in the course of her employment with the clinic. The Workers' Compensation Act provides that "[w]hen personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer . . . ." Neb. Rev. Stat. § 48-101 (Reissue 1993). The determination of whether a particular activity arises out of and in the course of employment is a factual determination and may not be reversed unless clearly wrong. *Reynolds v. School Dist. of Omaha*, 236 Neb. 508, 461 N.W.2d 758 (1990); *McGee v. Panhandle Technical Sys.*, 223 Neb. 56, 387 N.W.2d 709 (1986); *Gray v. State*, 205 Neb. 853, 290 N.W.2d 651 (1980). The term "arising out of" describes the accident and its origin, cause, and character, i.e., whether it resulted from the risks arising from within the scope or sphere of the employee's job. *Union Packing Co. v. Klauschie*, 210 Neb. 331, 314 N.W.2d 25 (1982). The term "in the course of" refers to the time, place, and circumstances surrounding the accident. *Id*. The two phrases are conjunctive, and the claimant must establish by a preponderance of the evidence that both conditions exist. *Id*.

▇ The record shows that Johnson's accident and injury did not occur at Johnson's place of employment but happened while Johnson was on her way to work. In Nebraska, the general rule is that an injury sustained by an employee while

going to and from his work does not arise out of and in the course of his or her employment. *Kramer v. DeNoyer*, 240 Neb. 805, 484 N.W.2d 447 (1992); *Acton v. Wymore School Dist. No. 114*, 172 Neb. 609, 111 N.W.2d 368 (1961).

In *Reynolds v. School Dist. of Omaha*, 236 Neb. at 511-12, 461 N.W.2d at 761, the Nebraska Supreme Court held:

> Generally, under what is known as the "going and coming rule," if an employee is injured while going to or from the employee's workplace, the injury does not arise out of or in the course of the employment. See 1 A. Larson, The Law of Workmen's Compensation § 15.11 (1990). For nearly 60 years, Nebraska has adhered to this rule. See, *Siedlik v. Swift & Co.*, 122 Neb. 99, 239 N.W. 466 (1931); *Richtarik v. Bors*, 142 Neb. 226, 5 N.W.2d 199 (1943); *Monroe v. St. Marks Lutheran Church*, 184 Neb. 741, 171 N.W.2d 644 (1969); *Butt v. City Wide Rock Exc. Co.*, 204 Neb. 126, 281 N.W.2d 406 (1979).

We find a Nebraska Supreme Court case to be factually similar and dispositive of the case at bar. In *Acton v. Wymore School Dist. No. 114, supra*, the plaintiff was employed by the local school as a cook. One morning, while on her way to work, Acton slipped on an icy sidewalk that bordered the school's property and broke her ankle. Although the sidewalk was maintained by the school, it was owned and controlled by the city of Wymore. The sidewalk, which was 1.78 feet north of the school's property line, had to be passed over to enter the school building.

Acton argued that her injury arose out of and in the course of her employment, since walking to and from the street and the building where one is employed is a necessary incident of employment. The Nebraska Supreme Court recognized that " ' "the hazards of entering or leaving the place of employment while on the property of the employer are hazards of the employment which must be assumed by the employer. . . ." ' " *Acton v. Wymore School Dist. No. 114*, 172 Neb. at 612, 111 N.W.2d at 370. The court also stated that "walking on *the employer's premises* to and from the street and a building where one is employed is a necessary incident of employment and an injury sustained in so doing is compensable." (Emphasis

supplied.) *Id*. at 615, 111 N.W.2d at 371. However, the *Acton* court emphasized that

> [t]o hold that a sidewalk, which is a part of the street and which is beyond the defendant's property line, is a part of the defendant's premises as that term is used in the Workmen's Compensation Act, would not be interpretation but legislation. It is not the function of the court to create a liability where the law creates none.

172 Neb. at 616, 111 N.W.2d at 371. The Supreme Court upheld the denial of workers' compensation benefits to Acton since, when injured, she had not yet reached her employer's premises, and therefore, "[t]he injury sustained by the plaintiff did not arise out of and in the course of her employment." *Id*. at 616, 111 N.W.2d at 372.

In the present case, at the time of Johnson's accident she had not yet started her workday at the clinic and had not yet reached the clinic's property. Johnson parked her vehicle in a lot owned and maintained by the city, and she walked across property that was owned by Home Federal, where the accident and injury occurred. The clinic did not own or maintain the area where the accident occurred. Other than prohibiting its employees from parking in the clinic's lot, the clinic did not have any policy or requirement that its employees park in any particular place or take any particular route to the clinic. Johnson's "normal route" from the city parking lot to the back entrance of the clinic was simply a shortcut of her own choosing. Accordingly, we find the reasoning in *Acton* to be applicable, and we hold that Johnson's accident and injury were not in the course and scope of her employment, since although she was on her way to work, she had not yet reached her employer's premises. Johnson's injury was therefore not compensable as arising out of and in the course of her employment under the Nebraska Workers' Compensation Act.

Johnson also argues that the Workers' Compensation Court erred by failing to find that her accident and injury constituted an exception to the "going and coming" rule. Johnson argues that an exception applies in her case, since her parking off the clinic's lot constituted a substantial benefit to her employer, and that the clinic either expressly or impliedly required her to park

elsewhere, which extended the scope of her employment with the clinic. However, we find no merit to these arguments. The Nebraska Supreme Court has not departed from the reasoning set forth in *Acton*, and the facts of this case do not require us to depart from the holding of *Acton*. Johnson sets forth case law from other jurisdictions in her brief in support of her argument that this court should create an exception to the Nebraska "going and coming" rule. However, as we have observed, there are no facts present in this case requiring us to depart from *Acton* or to adopt rules from other jurisdictions.

In the present case, although the clinic did have a policy prohibiting its staff from parking in the clinic's parking lot, the clinic's employees were not required to park in any particular place and were not required to follow any particular route to arrive at the business. Accordingly, Johnson's accident and injury, which occurred off of her employer's premises before she arrived at work, did not arise out of or in the course of her employment at the clinic. The Workers' Compensation Court correctly denied compensation.

AFFIRMED.